PEOPLE v. NICHOLSON

PEOPLE v. LEMAR

Appeal from Wayne, Victor J. Baum, J.   Submit-. ted Division 1 August 12, 1969, at Lansing.   (Docket No. 7,556.)   Decided August 25, 1969.

Glennie Nicholson and Marvin Samuel LeMar were convicted, on their pleas of guilty, of making malicious threats to extort money.  Defendants appeal.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Harvey Chayet,* for defendants on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM.  Glennie Nicholson and Marvin Le-Mar, each represented by counsel, pled guilty to count three of an amended information charging malicious threats to extort money contrary to CL 1948, § 750.213 (Stat Ann 1962 Rev § 28.410).  After a thorough examination of each defendant the trial court accepted the pleas.  The defendants were sub-

sequently sentenced to a term of imprisonment and have filed a timely claim of appeal. At the time of sentence the trial court took note of the probation report which indicated that defendant Nicholson had been drinking before the crime was committed. The trial court expressed a desire to inquire, *sua sponte,* into the extent of defendant's intoxication before passing sentence. At the outset of this inquiry defendant Nicholson displayed a sudden lapse of memory regarding his state of mind during the time the crime was committed which he could only attribute to the fact that he was drinking. After the trial court expressed some reservation about accepting the plea, defendant's memory underwent a remarkable recovery. The several pages of transcript which follow demonstrate a detailed recitation of the crime which corroborates defendant's remarks during the plea proceeding. At the conclusion of this examination the court expressed its satisfaction that defendant's intoxication would not negative the existence of specific intent. The record clearly supports this result. Nevertheless, defendant Nicholson contends that the trial court should have rejected the plea after defendant initially stated he was "drunk."

Defendant LeMar maintains that if defendant Nicholson's plea is unacceptable because of a possible defense of intoxication then his plea is also unacceptable because he was an accomplice and as such has all the defenses which would be available to his co-defendant. The people have filed a motion to affirm the conviction and sentence.

The case of *People* v. *Paul* (1968), 13 Mich App 175, 176, 177, is dispositive of the questions presented herein.

"A review of defendant's brief, the motions to dismiss and to affirm, and the transcript of the plea

examination discloses that the plea of guilty was made freely, understandingly, and voluntarily by defendant. The transcript further shows that although defendant had been drinking, he was not so intoxicated as to negative the existence of the specific intent to commit rape, and defendant did by his plea affirm the existence of such intent. The prosecution is under no obligation to prove anything during the examination by the court of one seeking to plead guilty."

The motion to affirm the convictions is granted.