## PEOPLE v. MOTON

1. Extortion—Malicious Threat to Extort—Plea of Guilty—Motions—Withdrawal of Plea.

Denial of defendant's motion to withdraw his bargained plea of guilty of maliciously threatening to extort money was not error where the record showed that he freely, understandingly, and voluntarily pled guilty and where defendant's drinking was not sufficient to negative the specific intent to commit the crime charged.

2. Criminal Law—Sentencing—Presentence Report.

The trial court not only has the authority but also has the duty to obtain a presentence report before sentencing a defendant convicted of a felony and may rely on it in sentencing.

3. Criminal Law—Plea of Guilty—Withdrawal—Multiple Representation.

Denial of defendant's motion to withdraw his plea was not error although defendant was represented by different counsel at different stages where he consented to the representation and no prejudice is shown.

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 May 12, 1970, at Detroit. (Docket No. 7,386.) Decided July 28, 1970.

David Earl Moton was convicted, on his plea of guilty, of maliciously threatening to extort money. Defendant appeals. Affirmed.

---

References for Points in Headnotes

[1, 3] 21 Am Jur 2d, Criminal Law § 504.
[2] 21 Am Jur 2d, Criminal Law § 303.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Mark Friedman,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

CHURCHILL, J. Defendant, David Earl Moton, was convicted by accepted plea of guilty of maliciously threatening to extort money contrary to MCLA § 750.213 (Stat Ann 1962 Rev § 28.410). It was a bargained plea. On the day of the plea this count was added to counts charging assault with intent to murder[1] and assault with intent to rob and steal being armed,[2] both of which carry maximum sentences of life or any term of years. Moton was jointly charged with Glennie Nicholson and Marvin LeMar whose respective appeals were disposed of by motion to affirm convictions. *People* v. *Nicholson; People* v. *LeMar* (1969), 18 Mich App 603.

Defendant's claims of error on appeal are (1) that the judge erred in accepting his plea, (2) that the judge erred in basing his sentence on information in the presentence report and (3) that he was not represented by his counsel of record at the time his plea was accepted and when he was sentenced.

His first claim of error is, in substance, the same as that taken by LeMar. We have independently reviewed the record of the proceedings when the plea was accepted, when defendant was sentenced and

---

* Circuit judge, sitting on the Court of Appeals by assignment.
1 MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).
2 MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

when the trial judge denied the motion to withdraw the plea. This Court correctly disposed of LeMar's appeal and, with respect to the first claim of error, we adopt the *LeMar* opinion here. We further note that at the time of denial of the motion to withdraw the plea the trial judge said, "This court bent over backwards. Of all the guilty pleas that I have examined for a long, long time, this was the most voluminous, most painstakingly thorough, and totally inquiring look into the entire facts that I have ever seen. I think the two transcripts together were more than 80 pages." The judge's own characterization of the care used was not exaggerated.

The judge's remarks on sentencing disclose that he was influenced in sentencing[3] by information in the presentence report that Moton was the owner of a gun used in the crime, that he took it out of the glove compartment, loaded it and gave it to Nicholson who had been drinking, and that Moton had selected the victim. Upon questioning, Moton neither completely admitted nor denied these things.

The court has not only authority but also a duty to obtain a presentence report before sentencing for a felony. MCLA § 771.14 (Stat Ann 1954 Rev § 28.1144). The use of such reports and the secrecy aspects of them are well recognized. *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Beard* (1969), 17 Mich App 409. We do not reverse because there was neither legal error[4] nor lack of care by the trial judge in the sentencing process.

---

[3] LeMar, 3 years to 20 years; Moton, 10 years to 20 years; Nicholson, 12 years to 20 years.

[4] A different view as to the fairness of the kind of sentencing procedures followed may gain favor. See, Standards Relating to Sentencing Alternatives and Procedures, American Bar Association Minimum Standards for Criminal Justice. Note particularly Part IV thereof dealing with informational basis for sentence, and the excellent commentaries appearing with the tentative draft.

Moton complains that he was represented by Mr. Peter P. Cobbs, Jr., at the time his plea was accepted on October 14, 1968, and by Mr. Carl E. Hall at the time of sentencing on November 26, 1968 instead of by Mr. Robert L. Evans who appeared for him at the preliminary examination on May 22, 1968 and who was, according to Moton's brief on appeal, retained by defendant Moton's family to represent him. On August 20, 1968 Mr. Evans filed a written appearance on behalf of Moton.

At the proceedings at which the plea was taken Mr. Cobbs announced on the record in open court, in Moton's presence, that he was appearing for Moton because Mr. Hall, who was attorney of record, was ill, and that he was doing so with the advice, knowledge and consent of defendant. Mr. Cobbs then asked Moton if that was correct and Moton said it was. The court then carefully inquired of Moton if he was satisfied with the arrangement and Moton acknowledged that he was. At the time of sentencing Mr. Hall appeared on Moton's behalf and spoke for him.

Although counsel are admonished to make a better record of their appearances, substitutions and relationships in the manner in which they represent defendants, it does not appear that defendant Moton was adversely affected by the multiple representation. Furthermore he consented to the statement, made when his plea was taken, that Mr. Hall was his attorney of record. His complaint about representation appears to be an afterthought based on dissatisfaction with his sentence and does not entitle him to relief on appeal.

Affirmed.

All concurred.