PEOPLE v. BALLARD

CRIMINAL LAW—EFFECTIVE ASSISTANCE OF COUNSEL—SUBSTITUTION
OF ATTORNEYS—SENTENCING STAGE.

> A defendant was not denied the effective assistance of counsel
> by the substitution at the sentencing stage of a different
> attorney for the attorney of record present at the taking of
> the guilty plea where the record shows defendant suffered no
> prejudice as a result of the change of counsel and defendant,
> when asked if he had anything to say in his own behalf before
> sentence was imposed, answered negatively.

Appeal from Wayne, John R. Murphy, J. Submitted Division 1 April 2, 1971, at Detroit. (Docket No. 9402.) Decided April 28, 1971.

Glenn Ballard was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Richard M. Lustig,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 313, 315.

PER CURIAM. Defendant Glenn Ballard pled guilty to the charge of assault with intent to rob being armed (MCLA § 750.89 [Stat Ann 1962 Rev § 28.284]) and was sentenced to a prison term of 5 to 15 years. He appeals as of right.

Defendant's sole allegation of error is that he was denied effective assistance of counsel at the sentencing stage of the proceedings by the substitution of a different attorney from the Detroit Legal Aid and Defenders' Association than the attorney of record present at the taking of the guilty plea. Review of the record of this proceeding reveals no prejudice was suffered by defendant as a result of the change of counsel.[1] The trial judge inquired whether defendant had anything to offer in his behalf before sentence was imposed; he responded in the negative. No error is shown, nor is any need for resentencing apparent. *People* v. *Edwards* (1969), 18 Mich App 526; *People* v. *Moton* (1970), 25 Mich App 383; *People* v. *Thomas Smith* (1971), 30 Mich App 34.

Affirmed.

---

[1] In this regard, the instant case is distinguished from *People* v. *Theodorou* (1968), 10 Mich App 409, where sentence was imposed without the benefit of counsel.