PEOPLE *v.* WILLIAMS

1. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION—COURT RULE.
   The form and manner of the court's examination of a defendant before accepting his plea of guilty is in the sound discretion of the judge; the court should be concerned with the substance of the plea, not its form (GCR 1963, 785).

2. CRIMINAL LAW—PLEA OF GUILTY—VACATING PLEA.
   A plea of guilty should not be set aside if the defendant voluntarily pled guilty because he was guilty and if there has been no miscarriage of justice.

3. CRIMINAL LAW—LARCENY—INTENT—FACTUAL BASIS.
   The intent to commit larceny within a building was established where the defendant stated, in reply to questions of the court, that the idea was to "get some money", that when he broke in he was going to get some money if he could find it, and that he looked around for money (MCLA § 750.110; GCR 1963, 785).

4. CRIMINAL LAW—LARCENY—INTENT—DEFENSES—INTOXICATION.
   Defendant's intoxication had not negated the specific intent necessary to commit breaking and entering a building with intent to commit a felony or larceny within the building where, at the time of his pleading guilty, the defendant could recall his acts at the scene of the crime in detail (MCLA § 750.110).

———————

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[3, 4] 50 Am Jur 2d, Larceny § 35 *et seq.*

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 October 14, 1970, at Lansing. (Docket No. 8,077.) Decided October 29, 1970.

Norman E. Williams was convicted, on his plea of guilty, of breaking and entering a building with intent to commit any felony or larceny in the building. Plaintiff appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Bruce A. Barton*, Prosecuting Attorney, and *Paula Hosick*, Chief Appellate Attorney, for the people.

*Wilson & Stone* (*Richard M. Handlon*, of counsel) for defendant on appeal.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

Ziem, J. Defendant appearing with counsel entered a plea of guilty of breaking and entering a building with intent to commit any felony or larceny therein, MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305), and was subsequently sentenced to two and one-half to ten years in prison. Defendant thereafter filed a claim of appeal contending that the trial court was in error in accepting his plea of guilty because the record did not show facts sufficient to establish his guilt, particularly as to the intent to commit larceny. Defendant also contends in his brief that he is, in fact, not guilty of the crime with which he is charged and that there has been a clear miscarriage of justice.

The people contend that the record shows there were adequate facts to accept a plea of guilty.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The transcript shows that the appellant admitted to breaking a window, reaching in and unlocking a door, and then entering. When the court questioned the defendant as to his intent, the record shows the following:

*"The Court (continuing):* Were you just going to break in and walk out,—

*"The Defendant:* No.

*"The Court (continuing):* \* \* \* was that the idea?

*"The Defendant:* No. Get some money, I guess.

*"The Court:* Well, are you sure?

*[There was no response by the defendant.]*

*"The Court (continuing):* If you could find it, you were going to take some money, is that what you're saying?

*"The Defendant:* Yes, your Honor.

*"The Court:* You're sure of that?

*"The Defendant:* Yes, your Honor.

*"The Court:* You want to be sure, now. Don't be in doubt.

*"The Defendant:* Yes.

*"The Court:* Did you look around for money?

*"The Defendant:* [There was a pause.] Well, \* \* \* [there was a pause] \* \* \* yeah.

*"The Court:* You looked around.

*"The Defendant:* Yeah.

*"The Court:* You looked around.

*"The Defendant:* Yeah."

The Michigan Supreme Court has stated in *People* v. *Bumpus* (1959), 355 Mich 374, 379, 380:

"Both our statutes and our court rules, quoted above, require that upon a plea of guilty to an information the judge shall satisfy himself that the plea was made freely, with knowledge of its consequences, and without undue influence or promise of leniency. The form and manner of this examination by the judge has not been prescribed but is

left to the discretion of the judge, to be exercised by him in the manner best suited to the parties and the offense."

See also *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; and *People* v. *Winegar* (1968), 380 Mich 719.

The Court has held in these decisions that in accepting a plea of guilty, the judge must determine whether the accused was in fact guilty, whether he is pleading guilty because he is guilty, and whether his plea was free from coercion. The trial court should be concerned with the substance, not the form of the plea. The trial judge is not bound by any set, prescribed, stereotyped form of examination. The form and manner of the examination is left to the judge's sound discretion. The fundamental inquiry on appeal is whether there has been a miscarriage of justice. If the defendant voluntarily pled guilty because he was in fact guilty and there has not been a miscarriage of justice, the plea of guilty should not be overturned. See *People* v. *Taylor* (1970), 383 Mich 338.

The Court of Appeals in *People* v. *Bartlett* (1969), 17 Mich App 205, 209, stated:

"If the trial judge, after the direct questioning of the defendant required by the court rule and *Barrows*,[1] ascertains that there is a factual basis for the plea, that the plea is a truthful, honest plea of guilty to an offense of which the accused person might well be convicted upon trial, then the truth of the plea has been reasonably ascertained."

When viewed in the entirety, the transcript here shows that the defendant's plea was freely, voluntarily, and understandingly made. Defendant was

---

[1] *People* v. *Barrows* (1959), 358 Mich 267.

represented by counsel at the time of the plea. It is evident that Judge Falahee refused to accept Norman's plea of guilty until he was sure that he was guilty. All the elements of the crime were admitted by the defendant.

Concerning intent, the transcript shows that the defendant stated that when he broke in he was going to get some money if he could find it; that he was sure of this; and that he looked around for money. Although defendant did not state "Yes, I intended to commit larceny therein", his statements show that his intent was to do exactly that. The element of intent was sufficiently admitted by the defendant in his plea of guilty.

It is argued that the defendant was so intoxicated that he was not able to have the requisite specific intent. However, the defendant was represented by counsel and was able to recount in detail exactly what happened at the time of the crime. He explained to the court how he gained entrance and what he did after he gained entrance. As in *People* v. *Nicholson* (1969), 18 Mich App 603, this Court is satisfied that the defendant's intoxication did not negate the requisite specific intent, because the defendant could recall his acts in detail.

There was no reversible error in the court's acceptance of the defendant's plea of guilty.

Affirmed.

All concurred.