PEOPLE v JASINSKI

*Docket No. 77-166. Submitted May 2, 1978, at Detroit.—Decided July 17, 1978.*

John E. Jasinski entered a plea of nolo contendere to assault with intent to commit great bodily harm less than murder in Wayne Circuit Court, James N. Canham, J. Prior to acceptance of the plea, defendant stated that he had no recollection of the alleged incident due to his intoxication. On appeal he challenges the sufficiency of the factual basis upon which his plea was accepted. *Held:*

Factual support for a finding that a defendant is guilty of the offense to which he is pleading must be established before a trial court can accept a plea of nolo contendere. Where a defendant claims that because of intoxication he does not recall participating in the commission of a crime the people should produce evidence negating this defense. A plea is erroneously accepted where there is no substantial evidence in the record negating the intoxication defense and such a case should be remanded to allow a prosecutor to produce the necessary evidence, and if not shown, the conviction should be set aside, and if shown, the matter should be treated as a motion to withdraw the plea. *Discretion in deciding which course to follow is with the trial judge.*

Remanded for further proceedings.

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL SUPPORT FOR PLEA—COURT RULES.

A trial court in accepting a plea of nolo contendere is required to conduct a hearing, unless there already has been one, to establish factual support for a finding that a defendant is guilty of the offense to which he is pleading (GCR 1963, 785.7[3] [b] [ii]).

2. CRIMINAL LAW—PLEA OF GUILTY—EVIDENCE—INTOXICATION.

The prosecution is required to produce evidence negating the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 497 *et seq.*

[2] 21 Am Jur 2d, Criminal Law §§ 492, 495.

defense of intoxication where a defendant claims that because of intoxication he does not recall participating in the commission of a crime; a plea of guilty may not be accepted when such a claim is raised where there is no substantial evidence in the record negating the defense of intoxication.

*John J. Morad,* for defendant on appeal.

Before: M. F. CAVANAGH, P. J., and BRONSON and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and assault with intent to murder, MCL 750.83; MSA 28.278. He pleaded nolo contendere to assault with intent to commit great bodily harm less than murder and was sentenced to 2-1/2 to 10 years imprisonment. MCL 750.84; MSA 28.279. On appeal he challenges the sufficiency of the factual basis upon which his plea was accepted.

The pertinent court rule requires that the trial court conduct a hearing, unless there already has been one, to establish factual support for a finding that the defendant is guilty of the offense to which he is pleading. GCR 1963, 785.7(3)(b)(ii).

In the instant case no such hearing was held at the plea proceedings.[1] We, therefore, assume that the trial court relied upon the records of the prior hearings in the case to establish the necessary factual basis for the plea. See, *e.g., People v Belanger,* 73 Mich App 438; 252 NW2d 472 (1977).

At the hearing on defendant's motion for evaluation of defendant's competency to stand trial, defense counsel stated that in 1970 defendant had had brain surgery during the course of which a portion of a drill had broken off. The metal piece

---

[1] The only indication of the underlying facts was the prosecutor's summary of the preliminary examination testimony of the complaining witness.

was left in defendant's head.[2] Since that time he had been subject to convulsions and seizures.

At the subsequent competency hearing the examining physician read into the record his narrative account of defendant's interview with him wherein he related defendant's account of the time period surrounding the commission of the acts alleged in the warrant. The defendant stated that he had been drinking extremely large amounts of alcohol two days before the alleged crime and could recall nothing whatever concerning the incident. Furthermore, the defendant had once before "blacked out" entirely for a two day period in 1973 after drinking heavily. The doctor diagnosed the defendant as a chronic alcoholic, but found him competent to stand trial.

At the preliminary examination the victim testified that the defendant came to the apartment of a Ms. High, whom the victim was visiting, in order to pick up some clothes that he had left there. Upon seeing the victim the defendant assaulted him with a pistol and took his ring and watch.

We think that the foregoing record brings this case within the rule stated in *People v Stoner*, 23 Mich App 598; 179 NW2d 217 (1970), *lv den*, 383 Mich 806 (1970). In *Stoner* the defendant pleaded guilty to robbery. At the plea proceeding he stated that he had no recollection of the alleged incident due to his intoxication. This Court set aside the defendant's plea as premised upon an insufficient factual basis.

"We do not mean to be understood as saying that a plea of guilty may not be accepted merely because a defendant says that by reason of intoxication he cannot recall his participation in the commission of the offense.

---

[2] The trial court indicated its awareness of this condition at the plea proceedings.

However, where the defendant claims that he cannot recall participating, the inquiry must go further: Is the defendant aware that if his claim to being so completely intoxicated that he cannot recall participating is believed by the trier of fact, that the trier would then be obliged to acquit him? If so, why then is the defendant pleading guilty?

"We recognize that a defendant may wish to waive a possible defense and plead guilty simply because he has concluded that the trier of fact will not believe him. The people's evidence that the defendant was not intoxicated may be overwhelming.

"When a defendant claims that because of intoxication he does not recall participating in the commission of the offense, but, nevertheless, desires to plead guilty, the people should be asked to produce evidence negating the intoxication defense. Such evidence might appear in the transcript of a preliminary examination presented to and read by the trial judge before accepting the plea. *If from such evidence it appears that the people can substantially refute a claim of intoxication, then a factual basis for the defendant's plea would appear without regard to his own acknowledged recollection of what occurred.* Upon such a showing and express and knowledgeable waiver of the defense by the defendant, the judge could properly accept the plea." *People v Stoner, supra,* 607–608. See, *People v Coates,* 32 Mich App 52, 71, fn 16; 188 NW2d 265 (1971) (LEVIN, J., dissenting). (Emphasis added.)[3]

In the instant case there is no substantial evidence in the record negating the defense of intoxication. We therefore remand the case to permit the prosecutor to produce such evidence. If he is unable to do so, the judgment of conviction shall

[3] Our use of the quotation from *Stoner* implies nothing as to the propriety of accepting a guilty plea where the defendant cannot recall the facts of the alleged offense due to intoxication. *Stoner* did not address that issue, and it is obviously not present in the instant case. If anything, *Stoner* presented a classic situation for a plea of nolo contendere. *See, Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975), *People v Seaman,* 75 Mich App 546, 550; 255 NW2d 680 (1977).

be set aside. If such evidence is produced, the matter shall be treated as a motion to withdraw the plea and the trial court shall decide the matter in the exercise of its discretion. *People v Stewart,* 69 Mich App 528; 245 NW2d 121 (1976).

Remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.