PEOPLE v POLK

Docket No. 58131. Submitted April 21, 1982, at Lansing.—Decided
October 18, 1982. Rehearing granted. On rehearing, decided
March 8, 1983.

Dennis T. Polk pled nolo contendere to a charge of felonious
assault and was sentenced to prison, Saginaw Circuit Court,
Fred J. Borchard, J. Defendant appealed, alleging that it had
not been shown that he had the requisite specific intent to
support a conviction of felonious assault and that the trial
court erroneously failed to offer him the opportunity to with-
draw his plea when the court failed to follow the sentence
recommendation of the presentence report on probation and
the prosecutor had agreed not to oppose probation. The Court
of Appeals, in its initial unreported decision, affirmed. Defen-
dant's motion for rehearing was granted and, on rehearing, the
Court *held:*

1. The defense of intoxication may negate the specific intent
element of felonious assault.

2. Where a nolo contendere plea is offered to a specific intent
crime because the defendant claims to have been too intoxi-
cated to remember the events which resulted in the charge, the
prosecution must offer evidence refuting the intoxication de-
fense. Because the record does not reveal whether the trial

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery §§ 48, 51.

[2] 6 Am Jur 2d, Assault and Battery §§ 51, 209.

21 Am Jur 2d, Criminal Law § 155.

When intoxication deemed voluntary so as to constitute a defense
to criminal charge. 73 ALR3d 195.

Drug addiction or related mental state as defense to criminal
charge. 73 ALR3d 16.

Modern status of rules as to voluntary intoxication as defense to
criminal charge. 8 ALR3d 1236.

[3] 21 Am Jur 2d, Criminal Law §§ 155, 492 *et seq.*

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

[4] 21 Am Jur 2d, Criminal Law § 500 *et seq.*

Right to withdraw plea in state criminal proceedings where court
refuses to grant concession contemplated by plea bargain. 66
ALR3d 902.

court considered the intoxication defense or whether the people introduced sufficient evidence to refute the defense, the case is remanded for further proceedings concerning this issue.

3. The defendant's failure to move in the trial court for leave to withdraw his plea waived the issue of whether the trial court should have allowed him to withdraw the plea.

Remanded with instructions.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT — SPECIFIC INTENT.

Felonious assault is a specific intent crime; to be convicted of felonious assault a defendant must have had either an intent to injure or an intent to put his victim in reasonable fear or apprehension of an immediate battery.

2. ASSAULT AND BATTERY — FELONIOUS ASSAULT — SPECIFIC INTENT — INTOXICATION.

The defense of intoxication is available to negate the specific intent element of the offense of felonious assault.

3. CRIMINAL LAW — INTOXICATION — SPECIFIC INTENT — PLEA OF NOLO CONTENDERE.

The prosecution must offer evidence refuting a defendant's intoxication defense where the defendant offers a plea of nolo contendere to a specific intent crime because he was too intoxicated to remember the events which resulted in his being charged; without such refutation the specific intent element of the offense is without a sufficient factual basis to support a conviction.

4. CRIMINAL LAW — SENTENCING — WITHDRAWAL OF PLEA.

A defendant waived the issue where he failed to move in the trial court for leave to withdraw his plea of nolo contendere after the trial court failed to follow the sentencing recommendation of probation in the presentence report and the prosecutor had agreed not to oppose probation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for defendant on appeal.

Before: M. J. KELLY, P.J., and CYNAR and G. R. COOK,* JJ.

M. J. KELLY, P.J. Defendant pled nolo contendere to felonious assault, MCL 750.82; MSA 28.277. He was sentenced to a term of from 1-1/2 to 4 years imprisonment. He appeals as of right.

I

Defendant offered to plead nolo contendere because he was intoxicated at the time of the incident and could not sufficiently remember the event to provide a factual basis to support a guilty plea. See generally GCR 1963, 785.7(3)(a). Pursuant to GCR 1963, 785.7(3)(b)(ii), the court conducted a hearing to establish support for defendant's plea.

Michigan State Police Officer Michael Thomas testified that he approached defendant's car after it had spun out of control into the wrong lane of traffic. When Thomas asked defendant for his driver's license, he heard some profane comments. The defendant then put his car into gear and attempted to hit Thomas with the car. Following this testimony, the court accepted defendant's plea.

On appeal, defendant argues that the prosecutor failed to provide a factual basis for defendant's plea, since it was not shown that defendant had the specific intent to either injure Thomas or put him in reasonable apprehension of an immediate battery. Defendant argues that his intoxication negated the specific intent requirement of felonious assault and that the prosecution failed to refute his intoxication defense.

Felonious assault is a specific intent crime. *Peo-*

* Circuit judge, sitting on the Court of Appeals by assignment.

*ple v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979). Thus, to be convicted of felonious assault, defendant must have had either an intent to injure or an intent to put his victim in reasonable fear or apprehension of an immediate battery. See *Joeseype Johnson, supra,* p 210. Whether the specific intent element of felonious assault can be negated by voluntary intoxication, however, has expressly been left undecided by the Supreme Court. See *Joeseype Johnson, supra,* p 210.

Intoxication may negate the element of specific intent.

"While it is true that drunkenness cannot excuse crime, it is equally true that when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist. In larceny the crime does not consist in the wrongful taking of the property, for that might be a mere trespass; but it consists in the wrongful taking with felonious intent; and if the defendant, for any reason whatever, indulged no such intent, the crime cannot have been committed." *People v Walker,* 38 Mich 156, 158 (1878).

We see no reason why felonious assault, which is a specific intent crime, should be treated differently. We hold that the defense of intoxication may negate the specific intent element of felonious assault.

When a nolo contendere plea is offered to a specific intent crime because the defendant was too intoxicated to remember the events of the involved incident, the prosecution must offer evidence refuting the intoxication defense. *People v Stoner,* 23 Mich App 598, 608; 179 NW2d 217 (1970), *lv den* 383 Mich 806 (1970); accord, *People v Jasinski,* 84 Mich App 670; 270 NW2d 485 (1978).

Without any refutation, the specific intent element is without a sufficient factual basis.

We are uncertain whether the trial court considered both defendant's intoxication defense and the question of whether the people had introduced sufficient evidence to refute the defense. While the testimony of Officer Thomas may or may not have been sufficient in and of itself to negate the defense, this is a question of fact to be decided by the plea-taking court.

We therefore remand to the trial court. The court is to reveal whether it previously considered and found that the people had introduced evidence refuting defendant's intoxication defense. If the trial court had previously done so, defendant's conviction will remain in force and effect. If the court had not previously considered defendant's intoxication defense, but finds that the testimony previously presented was sufficient to negate the defense, defendant's conviction shall remain in force and effect. If, however, the trial court is not satisfied that the evidence previously produced was sufficient to negate the intoxication defense, the prosecutor shall be permitted to produce evidence negating the defense. If the prosecutor is unable to do so, defendant's conviction shall be set aside; if such evidence is produced, the matter shall be treated as a motion to withdraw the plea and the trial court shall decide the motion in the exercise of its discretion. Accord, *Jasinski, supra,* pp 673-674.

## II

Pursuant to a plea agreement, the prosecution agreed not to oppose probation if it were recommended by the corrections department's presentence report. The presentence report recommended

probation. The trial court, however, sentenced defendant to a term of from 1-1/2 to 4 years imprisonment. Defendant argues that his plea should be vacated because the trial court failed to offer him the opportunity to withdraw his plea after the court decided not to sentence defendant to probation. In support of his position, defendant cites *People v Hagewood,* 88 Mich App 35, 38; 276 NW2d 585 (1979), where this Court held that a defendant should be allowed to withdraw his plea when the sentencing court refuses to follow the prosecutor's sentencing recommendation.[1] The defendant, however, never moved at the trial court level to withdraw his plea. Thus, this issue has been waived.

Remanded.

---

[1] Since this opinion was written the Supreme Court has issued its opinion in *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982). On remand the trial court shall apply *Killebrew* if it finds that opinion to be applicable.