PEOPLE v DeLONG

Docket No. 66772. Submitted May 12, 1983, at Lansing.—Decided August 2, 1983.

Melvin A. DeLong was convicted on his plea of nolo contendere of resisting and obstructing a police officer, Bay Circuit Court, Eugene Penzien, J. Defendant also was convicted on his plea of guilty of being a third-offense habitual offender. Defendant appeals, urging that his plea of nolo contendere, which was offered because he was intoxicated at the time of the incident and could not sufficiently remember the events to provide a factual basis in support of his plea, must be set aside by reason of the failure of the prosecution to produce evidence negating his "intoxication defense" and that his habitual offender conviction must be set aside because the habitual offender statute applies only to a conviction for a subsequent felony and resisting and obstructing a police officer is, by legislative mandate, a misdemeanor. *Held:*

1. While the prosecution must produce evidence refuting any "intoxication defense" when a plea of nolo contendere is offered to a specific intent crime, intoxication is not a defense to a general intent crime. Since resisting and obstructing a police officer is not a specific intent crime but rather a general intent crime, the prosecution had no duty to produce evidence refuting the fact of intoxication at the time of the incident giving rise to this criminal charge.

2. The term "felony" as used in the habitual offender statute includes all crimes punishable by imprisonment for one year or more; accordingly, the offense of resisting and obstructing a police officer, which is punishable by a prison term of up to two years, is a felony for the purpose of the habitual offender statute notwithstanding its legislative classification as a misdemeanor for other purposes.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 155.

Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

[2, 3] 59 Am Jur 2d, Obstructing Justice § 17.

[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 2.

1. CRIMINAL LAW — INTOXICATION — SPECIFIC INTENT — PLEA OF
   NOLO CONTENDERE.

   The prosecution must offer evidence refuting a defendant's intoxi-
   cation defense where the defendant offers a plea of nolo conten-
   dere to a specific intent crime because he was too intoxicated to
   remember the events which resulted in his being charged;
   without such refutation the specific intent element of the
   offense is without a sufficient factual basis to support a convic-
   tion.

2. CRIMINAL LAW — RESISTING AND OBSTRUCTING A POLICE OFFICER —
   INTOXICATION.

   The criminal offense of resisting and obstructing a police officer is
   not a specific intent crime and intoxication should not be
   available as a defense, since intoxication is not a defense to a
   general intent crime (MCL 750.479; MSA 28.747).

3. CRIMINAL LAW — HABITUAL OFFENDERS — FELONY — RESISTING
   AND OBSTRUCTING A POLICE OFFICER — STATUTES.

   A felony, for purposes of the habitual offender statute, is any
   offense for which the offender may be punished by death or
   imprisonment for more than one year or any offense expressly
   designated by law to be a felony; a felon convicted of resisting
   an officer may be prosecuted under the habitual offender stat-
   ute despite the fact that the statute creating the offense of
   resisting an officer defines the offense as a misdemeanor, since
   the maximum potential term of imprisonment for resisting an
   officer is two years (MCL 750.479, 769.11; MSA 28.747, 28.1083).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Charles E. Binder,* for defendant.

Before: MACKENZIE, P.J., and M. J. KELLY and S. EVERETT,* JJ.

PER CURIAM. Defendant pled nolo contendere to resisting and obstructing a police officer, MCL 750.479; MSA 28.747. He also pled guilty to being

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

a third-offense habitual felony offender, MCL
769.11; MSA 28.1083. Sentenced to a term of from
32 to 48 months in prison, defendant appeals as of
right.

Defendant states that he pled nolo contendere
because he was intoxicated at the time of the
incident and could not sufficiently remember the
event to provide a factual basis in support of his
plea. See generally GCR 1963, 785.7(3)(a). He now
argues on appeal that the trial court erred in
accepting his plea without first requiring the pros-
ecution to produce evidence negating his "intoxica-
tion defense".

It is well-established that when a nolo conten-
dere plea is offered to a specific intent crime
because the defendant was too intoxicated to re-
member the events of the incident the prosecution
must offer evidence refuting the intoxication de-
fense. See *People v Polk (On Rehearing),* 123 Mich
App 737; 333 NW2d 499 (1983); *People v Stoner,* 23
Mich App 598, 608; 179 NW2d 217 (1970), *lv den*
383 Mich 806 (1970). Resisting and obstructing a
police officer, however, is not a specific intent
crime. *People v Gleisner,* 115 Mich App 196; 320
NW2d 340 (1982). Voluntary intoxication, there-
fore, is not a defense. *Gleisner, supra,* p 200; see
*People v Langworthy,* 416 Mich 630; 331 NW2d
171 (1982) (expressly holding that voluntary intoxi-
cation is not a defense to general intent crimes).
The trial court did not err, therefore, in accepting
defendant's nolo contendere plea to resisting and
obstructing a police officer without requiring the
prosecution to produce evidence refuting the fact
of defendant's intoxication at the time of the
crime.

Defendant argues next that since resisting and
obstructing a police officer has been specifically

labeled by the Legislature to be a misdemeanor, see MCL 750.479; MSA 28.747, he cannot be sentenced as being a third-offense habitual felony offender. At first blush, defendant's argument is attractive. Indeed, the habitual offender provision under which defendant was sentenced refers to a person committing a subsequent "felony" after having been previously convicted of two or more felonies or attempted felonies. See MCL 769.11; MSA 28.1083. The resisting-and-obstructing penal statute does in fact refer to such an offense as being a misdemeanor. See MCL 750.479; MSA 28.747.

The habitual offender provisions, however, are part of Michigan's integrated code of criminal procedure, MCL 760.1 *et seq.;* MSA 28.841 *et seq.* The code specifically defines the term felony "as used in this act", to include, among other things, offenses which are punishable by imprisonment of one year or more. MCL 761.1(g); MSA 28.843(g). Resisting and obstructing a police officer is punishable by a prison term of up to two years. MCL 750.479; MSA 28.747. Thus, resisting and obstructing a police officer is a "felony" for purposes of application of the habitual offender provisions of the Code of Criminal Procedure. *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979). But see *People v Reuther,* 107 Mich App 349, 353-359; 309 NW2d 256 (1981) (BRONSON, J., *dissenting,* stating that the attempted possession of marijuana with intent to deliver, an offense labeled a "misdemeanor" but which carries a maximum penalty of two years imprisonment, should not be considered to be a felony for purposes of the limitation on length of probation provisions contained in the Code of Criminal Procedure).

Affirmed.