PEOPLE v CANNOY

Docket No. 69920. Submitted June 20, 1984, at Detroit.—Decided
    August 6, 1984.

    Norman L. Cannoy was convicted on his plea of nolo contendere
    in Genesee Circuit Court, Harry B. McAra, J., of attempted
    breaking and entering with intent to commit a felonious as-
    sault. The plea of nolo contendere was offered by defendant
    because he was unable to remember the incident due to his
    ingestion of intoxicating alcohol and drugs. The parties stipu-
    lated that the trial court should read the preliminary examina-
    tion transcript to establish the necessary factual basis for the
    plea. The trial court, being aware that intoxication was a
    defense to the charged offense, found that the evidence in the
    preliminary examination transcript established the necessary
    factual basis, including the necessary specific intent to commit
    a felonious assault. Defendant appealed. Because the defendant
    had challenged his sentence as being excessive, the Court of
    Appeals remanded the matter to the trial court for an explana-
    tion of the trial court's reasons for imposing sentence. On
    remand, the trial court indicated that the 40- to 60-month
    sentence was imposed because of the nature of the crime and
    the failure of defendant to abide by certain conditions of a
    deferred sentence order. *Held:*

        1. Voluntary intoxication may be a defense to a specific
    intent crime if the intoxication negates the element of specific
    intent. Where, as here, a plea of nolo contendere is tendered to
    a specific intent crime because of the defendant's inability to
    remember because of intoxication, the prosecution must offer
    evidence refuting the intoxication defense.

        2. Since the parties stipulated to the use of the preliminary

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary § 24.
[1, 2] 21 Am Jur 2d, Criminal Law § 130.
[1-3] 21 Am Jur 2d, Criminal Law § 155.
    Modern status of the rules as to voluntary intoxication as defense
    to criminal charge. 8 ALR3d 1236.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 493, 495.
[3] 21 Am Jur 2d, Criminal Law § 489.
[4] 21 Am Jur 2d, Criminal Law § 580.

examination testimony for establishing the factual basis, and since that testimony provided a basis on which the trial court was able to conclude that the factual basis, including the necessary specific intent, had been established, there was no need for the prosecution to offer further evidence refuting the intoxication defense.

3. The trial court, on remand, fully articulated its reasons for the sentence imposed, and the record fails to show any abuse of discretion on the trial court's part in its consideration of the relevant factors. Since there was no abuse of discretion in determining the sentence and since the sentence does not shock the conscience of the Court of Appeals, the sentence imposed by the trial court is affirmed.

Affirmed.

1. CRIMINAL LAW — BREAKING AND ENTERING — SPECIFIC INTENT — VOLUNTARY INTOXICATION.

Breaking and entering with intent to commit a felony is a specific intent crime; being a specific intent crime, voluntary intoxication may negate the element of specific intent (MCL 750.110; MSA 28.305).

2. CRIMINAL LAW — INTOXICATION — SPECIFIC INTENT — NOLO CONTENDERE.

The prosecution must offer evidence refuting a defendant's intoxication defense where the defendant offers a plea of nolo contendere to a specific intent crime because he was too intoxicated to remember the events which resulted in his being charged.

3. CRIMINAL LAW — INTOXICATION — NOLO CONTENDERE — FACTUAL BASIS.

The factual basis for a plea of nolo contendere which was offered by the defendant because of his inability to remember the incident because of his intoxication may be established by the trial court's review of the preliminary examination transcript where there is a stipulation of the parties permitting the use of that transcript; the evidence in the preliminary examination transcript may be used to determine whether the defense of intoxication has been refuted; where there is evidence in the proffered preliminary examination transcript sufficient to refute the defense of intoxication, the prosecution need not make any further offer of proof in refutation of the intoxication defense.

4. CRIMINAL LAW — SENTENCING.

The Court of Appeals will not set aside the sentence imposed by a

trial court where the trial court considered the relevant factors and articulated the reasons underlying the court's decision as to the nature and length of sentence and the sentence imposed does not shock the conscience of the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*N. Victor Farah,* for defendant.

Before: ALLEN, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

ALLEN, P.J. On March 28, 1982, defendant pled nolo contendere to attempted breaking and entering with intent to commit felonious assault, MCL 750.110, 750.92; MSA 28.305, 28.287. On January 3, 1983, he was sentenced to a term of 40 to 60 months incarceration.

Defendant pled nolo contendere because he had no recollection of the incident due to his ingestion of intoxicating alcohol and drugs. On appeal he argues that the factual basis for the plea was inadequate because the prosecutor failed to introduce evidence to negate the intoxication defense and therefore the element of intent could not be established. The prosecutor responds by arguing that, by virtue of the entry of defendant's nolo contendere plea, the state is relieved of its burden of proving factual issues, therefore precluding the litigation of the issue of defendant's intoxication on appeal.

Inasmuch as the offense of breaking and entering with intent to commit a felony is a specific intent crime, voluntary intoxication may negate

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the element of specific intent. See, *e.g., People v Blankenship,* 108 Mich App 794; 310 NW2d 880 (1981); *People v Williams,* 27 Mich App 567; 183 NW2d 830 (1970). When a nolo contendere plea is tendered to a specific intent crime based on the defendant's inability to remember the incident due to intoxication, the prosecution must offer evidence refuting the intoxication defense. See *People v DeLong,* 128 Mich App 1; 339 NW2d 659 (1983); *People v Polk (On Rehearing),* 123 Mich App 737; 333 NW2d 499 (1983); *People v Stoner,* 23 Mich App 598, 608; 179 NW2d 217 (1970), *lv den* 383 Mich 806 (1970); *People v Jasinski,* 84 Mich App 670; 270 NW2d 485 (1978).

In the present case, in order to establish the necessary factual basis, the parties stipulated that the judge should read the transcript of the preliminary examination. The record of the plea-taking procedure indicates that the judge and the parties were aware that intoxication was a defense to this offense and further illustrates the court's concern about the propriety of accepting the plea under such circumstances. However, after reading the transcript, the trial judge found that defendant, while armed with a gun, did break and enter the home and did fire the weapon at the car of the victim. Moreover, based upon the circumstances surrounding the incident, including the use of the weapon and the manner in which the defendant acted, the court found that defendant had the intent to commit a felonious assault. Thus, this situation is distinguishable from that of *Polk, supra,* where the Court was unable to determine whether the trial court had considered the defendant's claim of intoxication or whether the people had introduced sufficient evidence to refute the defense.

Although the prosecutor did not introduce any evidence at the plea-taking procedure in an effort to refute the intoxication defense asserted by the defendant, we find that the method of establishing the factual basis for the plea provided sufficient evidence for a finding on each element of the offense. Here, the trial judge found, and we concur in his determination, that the preliminary examination testimony of the victim established support for a finding that defendant was guilty of the offense to which he was pleading. As noted in *Stoner, supra,* p 608, evidence negating a claim of intoxication "might appear in the transcript of a preliminary examination presented to and read by the trial judge before accepting the plea. If from such evidence it appears that the people can substantially refute a claim of intoxication, then a factual basis" for the plea has been established. The findings of the trial court clearly establish that defendant had the specific intent to commit felonious assault, thus negating the asserted defense. We find no need to remand this case to the lower court to allow the prosecutor to present additional evidence to refute the claimed defense when sufficient evidence was presented to the trial court through the preliminary examination testimony to support a finding of specific intent. See *People v Mack,* 131 Mich App 9; 346 NW2d 57 (1983).

Defendant also attacks his sentence as excessive and not justified by the facts and circumstances of the incident for which he was convicted. In order to more fully comply with the mandate of *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), on March 15, 1984, this Court, on its own motion, remanded to the trial court for an explanation of the court's reasons in imposing sentence. Upon

review of the lower court file, transcripts and the findings of the lower court, we are not persuaded that the trial court abused its discretion in imposing the given sentence.

Prior to the imposition of sentence on January 3, 1983, the trial court deferred sentencing on two occasions in order to evaluate defendant as a potential candidate for probation. Throughout the various hearings on the matter of the appropriate sentence, the trial judge expressed his concerns about defendant's drinking problem, the breaking and entering of his ex-wife's home and the use of and firing of a weapon during the course of the transaction. Following defendant's failure to abide by the conditions of his delayed sentencing arrangement and his failure to appear for sentencing, the trial court imposed the challenged sentence. Contrary to defendant's contention, although the court did consider his actions during the time that sentence was deferred, we find that the basis for the sentence was tailored to the facts and circumstances of the offense for which he was convicted. The court considered the factors enunciated in *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972), and articulated the reasons underlying the nature and length of the sentence. We find no abuse of discretion and find no basis to conclude that the sentence was not individually tailored to the circumstances of the crime based upon a careful and thorough review of all relevant information. The 40- to 60-month sentence does not shock our judicial conscience; thus we affirm the conviction and sentence.

Affirmed.