## PEOPLE v COMSTOCK

Docket No. 75997. Submitted September 7, 1984, at Lansing.—Decided November 20, 1984.

Robert A. Comstock was convicted, on his plea of nolo contendere, of transporting a shotgun in a nongame area, Muskegon Circuit Court, R. Max Daniels, J. At the time of the commission of the offense there was a felony charge against defendant for which he was subsequently convicted. The trial judge ordered the sentences to be served consecutively, even though the transporting of a firearm in a nongame area offense is labeled a misdemeanor in the Penal Code. Defendant appealed. *Held:*

The Code of Criminal Procedure authorizes consecutive sentences where a person has been charged with a felony and, pending the disposition of the charge, commits a subsequent offense which is a felony. For purposes of the Code of Criminal Procedure a felony is any offense for which the maximum penalty may be greater than one year of imprisonment and includes two-year misdemeanors.

Affirmed.

N. J. KAUFMAN, J., dissented, believing that the provision for consecutive sentences in the Code of Criminal Procedure does not apply to this situation. He would reverse.

OPINION OF THE COURT

1. CRIMINAL LAW — CONCURRENT SENTENCES.

A sentence may not be imposed to commence at the completion of another sentence in the absence of statutory authority.

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — FELONIES.

The Code of Criminal Procedure authorizes consecutive sentences where a person has been charged with a felony and, pending the disposition of the charge, commits a subsequent offense which is a felony; for purposes of the Code of Criminal Procedure a felony is any offense for which the maximum penalty

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 552.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 28, 29.

may be greater than one year of imprisonment and includes two-year misdemeanors (MCL 761.1[g], 768.7b; MSA 28.843[g], 28.1030[2]).

DISSENT BY N. J. KAUFMAN, J.

3. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — FELONIES.

The Legislature granted authority for consecutive sentences for crimes called felonies committed pending disposition of prior charges; the authority does not extend to subsequent crimes described by the Legislature as misdemeanors regardless of their maximum potential sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Gerald W. Gibbs,* Chief Trial Prosecuting Attorney, for the people.

*Douglas M. Hughes,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant pled no contest to transporting a shotgun in a nongame area, MCL 750.227c; MSA 28.424(3). He was sentenced to a term of from one to two years and appeals as of right. The sole issue on appeal is whether the trial court erred in ordering that defendant's sentence be served consecutively to another sentence previously imposed. We find no error.

Consecutive sentencing is allowed only where specifically authorized by statute. *People v Wakeford,* 418 Mich 95, 113; 341 NW2d 68 (1983); *People v Sawyer,* 410 Mich 531, 534; 302 NW2d 534 (1981); *People v Gallagher,* 404 Mich 429, 439; 273 NW2d 440 (1979); *In re Carey,* 372 Mich 378, 380; 126 NW2d 727 (1964). Both the prosecution and

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

the trial court relied on the consecutive sentencing statute as authority for the imposition of consecutive sentencing in this case. Defendant does not dispute that, at the time he committed the instant offense, there was pending against him a felony charge for which he was later convicted.

Michigan's consecutive sentencing statute provides:

"When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:

"(a) The sentences imposed for conviction of the prior charged offense and a subsequent offense, other than a major controlled substance offense, may run consecutively.

"(b) The sentences imposed for conviction of the prior charged offense and a subsequent offense which is a major controlled substance offense shall run consecutively." MCL 768.7b; MSA 28.1030(2).

Defendant argues that he was convicted of a misdemeanor rather than a felony as required under the statute. We disagree.

While it is true that the crime of transporting a shotgun in a nongame area is described as a two-year misdemeanor offense under the Michigan Penal Code, MCL 750.1 *et seq.;* MSA 28.191 *et seq.,* two-year misdemeanors are treated as felonies for purposes of the Code of Criminal Procedure, MCL 760.1 *et seq.* The Code of Criminal Procedure defines felony as:

"[A] violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year, or an

offense expressly designated by law to be a felony."
MCL 761.1(g); MSA 28.843(g).

Inasmuch as the consecutive sentencing statute is enacted under the Code of Criminal Procedure, we find that the subsequent felony referred to in that statute includes two-year misdemeanors.

Our position is supported by the decisions of this Court holding that the term felony as used in the habitual offender provisions of the Code of Criminal Procedure, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.,* includes offenses punishable by more than one year of imprisonment, such as two-year misdemeanors. See *People v McGill,* 131 Mich App 465, 477-478; 346 NW2d 572 (1984); *People v DeLong,* 128 Mich App 1; 339 NW2d 659 (1983); *People v Cavanaugh,* 127 Mich App 632, 644; 339 NW2d 509 (1983); *People v Rice,* 101 Mich App 1; 300 NW2d 428 (1980), *rev'd on other grounds* 411 Mich 883; 306 NW2d 102 (1981); *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979). We further note that in interpreting the phrase "any term of years", as used in the Penal Code, the Michigan Supreme Court has recently observed that "[a]n offense is a felony so long as the statutory maximum is for more than one year". *People v Blythe,* 417 Mich 430, 437; 339 NW2d 399 (1983).

The trial court in this case did not err in ordering that defendant's sentence be served consecutively to a sentence previously imposed.

Affirmed.

N. J. KAUFMAN, J. *(dissenting).* I respectfully dissent.

The word in the consecutive sentencing statute is "felony", so I think the Legislature meant crimes that they called felonies. Defendant's offense is described as a misdemeanor, so the consecutive sentencing statute doesn't govern.