PEOPLE v REED

Docket No. 81907. Submitted June 6, 1985, at Detroit.—Decided
October 7, 1985. Leave to appeal denied, 424 Mich —.

Glen D. Reed was convicted, on his plea of guilty, of attempted
malicious destruction of property over $100, Barry Circuit
Court, Richard M. Shuster, J., and was sentenced to four years
probation with the first year to be served in the county jail. He
later pled guilty to a probation violation and was sentenced to
an additional year's probation and to a year in jail with credit
for time served. Defendant appealed, alleging that, since the
offense for which he was convicted is defined as a misdemeanor
under the Penal Code, he may not be sentenced to probation
for longer than two years. *Held:*

A crime carrying a two-year maximum sentence, even if such
crime is statutorily designated as a misdemeanor for the pur-
pose of the Penal Code, is statutorily treated as a felony for the
purpose of the Code of Criminal Procedure. A term of probation
imposed upon conviction of such a crime is subject to the five-
year limitation for felonies contained in the Code of Criminal
Procedure.

Affirmed.

BRONSON, J., dissented. He would hold that a sentence of
probation for a crime defined in the Penal Code as being a two-
year misdemeanor is subject to the two-year limitation on
sentences of probation contained in the Code of Criminal Proce-
dure despite the general provision in the Code of Criminal
Procedure that crimes punishable by more than one year in
prison are felonies.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — PROBATION — FELONIES — MISDE-
MEANORS.

A crime carrying a two-year maximum sentence, even if such
crime is statutorily designated as a misdemeanor for the pur-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Criminal Law §§ 28, 29, 568.
Propriety of increased sentence following revocation of probation.
23 ALR4th 883.

pose of the Penal Code, is statutorily treated as a felony for the purpose of the Code of Criminal Procedure; a term of probation imposed upon conviction of such a crime is subject to the five-year limitation for felonies contained in the Code of Criminal Procedure (MCL 761.1[g], 771.2; MSA 28.843[g], 28.1132).

DISSENT BY BRONSON, J.

2. CRIMINAL LAW — SENTENCING — PROBATION.

A sentence of probation for a crime defined in the Penal Code as being a two-year misdemeanor is subject to the two-year limitation on sentences of probation contained in the Code of Criminal Procedure despite the general provision in the Code of Criminal Procedure that crimes punishable by more than one year in prison are felonies (MCL 761.1[g], 771.2; MSA 28.843[g], 28.1132).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy H. Hughes,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson* and *Fred Bell),* for defendant on appeal.

Before: J. H. GILLIS, P.J., and BRONSON and M. J. KELLY, JJ.

M. J. KELLY, J. Defendant was convicted in 1981, on his plea of guilty, of attempted malicious destruction of a building over $100. MCL 750.380; MSA 28.612 and MCL 750.92; MSA 28.287. On June 5, 1981, defendant was sentenced to four years' probation with the first year to be served in the county jail.

In 1984, defendant pled guilty to having failed to report to probation authorities for three consecutive months. He was sentenced to an additional year of probation and to 365 days in jail with credit for 334 days served. Defendant appeals as of right and we affirm.

The sole issue on appeal concerns the maximum

length of any probation sentence which may be imposed upon the defendant. Pursuant to §§ 92, 380 and 503 of the Michigan Penal Code, MCL 750.1 *et seq.;* MSA 28.191 *et seq.,* the offense for which defendant was originally convicted constitutes a two-year misdemeanor. Under the Code of Criminal Procdure, MCL 760.1 *et seq.;* MSA 28.841 *et seq.,* probation sentences imposed for "an offense which is not a felony" may not exceed two years. MCL 771.2; MSA 28.1132. However, elsewhere in the Code of Criminal Procedure the term felony is defined as any offense punishable by a term of imprisonment exceeding one year. MCL 761.1(g); MSA 28.843(g). Thus, this case again calls into question the relationship between circuit court misdemeanors as defined in the Michigan Penal Code and felonies and misdemeanors as defined in the Michigan Code of Criminal Procedure.

As the parties are well aware, this issue has arisen in a variety of contexts and is the subject of a split of authority in this Court. Contrast *People v Comstock,* 139 Mich App 276; 361 NW2d 792 (1984), *People v DeLong,* 128 Mich App 1; 339 NW2d 659 (1983), and *People v Reuther,* 107 Mich App 349; 309 NW2d 256 (1981), with *People v Frost,* 120 Mich App 328; 328 NW2d 44 (1982), and *People v Alford,* 104 Mich App 255; 304 NW2d 541 (1981). Fortunately, resolution of this split is forthcoming as the Supreme Court has granted leave to appeal in three cases wherein the parties "are directed to include among the issues briefed whether a crime designated by the Penal Code as a misdemeanor punishable by two years in prison may be treated as a felony for purposes of the Code of Criminal Procedure in permitting sentence enhancement for habitual offenders". *People v Timothy Smith,* 419 Mich 922 (1984).

Notwithstanding the Supreme Court's grant of leave in these cases, this Court must, in the interest of judicial economy and fairness to the parties, proceed to resolve cases that are currently before it. A majority of judges on this panel have agreed that two-year misdemeanors under the Penal Code are felonies for purposes of the various provisions of the Code of Criminal Procedure. As applied in this case, our ruling means that the maximum length of any probation sentence that may be imposed upon defendant is five years and the trial court thus did not err in sentencing defendant as it did.

Affirmed.

J. H. GILLIS, P.J., concurred.

BRONSON, J. *(dissenting)*. For the reasons set forth in my partial concurring opinion in *People v Reuther,* 107 Mich App 349, 353-359; 309 NW2d 256 (1981), I respectfully dissent from Judge KELLY's opinion.