**STATE of Minnesota, Respondent,**

**v.**

**Sharon Karen WILSON, Appellant.**

**No. A11–1041.**

Court of Appeals of Minnesota.

May 7, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Jennifer Ardyn Saunders, Minneapolis City Attorney's Office, Minneapolis, MN, for respondent.

Kellie M. Charles, Assistant Hennepin County Public Defender, Minneapolis, MN, for appellant.

Considered and decided by
CONNOLLY, Presiding Judge;
CRIPPEN, Judge; * and HARTEN, Judge.

## OPINION

HARTEN, Judge*.

Appellant was charged with violation Minn.Stat. § 609.487, subd. 6 (2010) (making an attempt to evade or elude a peace officer acting in the lawful discharge of an official duty by any means other than fleeing in a motor vehicle a misdemeanor). Before her trial, she requested a jury instruction on voluntary intoxication on the ground that a violation of Minn.Stat. § 609.487, subd. 6, was a specific-intent offense and the jury could consider her voluntary intoxication in determining whether she had the requisite intent. The district court denied her request on the ground that violation of Minn.Stat. § 609.487, subd. 6, is not a specific-intent offense. The jury found her guilty as charged, and she challenges her conviction.

## FACTS

On 19 September 2010, a male individual (the suspect) was pointed out to a police officer as the person responsible for a recent stabbing in a bar. Appellant Sharon Karen Wilson was with the suspect, and the peace officer told the two of them to come and talk to him. They ignored him.

The officer repeated his command that they come and talk to him several times at an increasing volume, until, as he testified, he was yelling it "at the top of [his] lungs." At the same time, the officer approached them and made eye contact with them.

Appellant and the suspect took off running; the officer chased them, yelling for them to stop. The officer testified that he saw the suspect fall, saw and heard a knife hit the ground, and saw appellant pick up the knife and continue running. The officer pursued appellant. When he approached her and tried to tackle her, he fell, breaking his ankle. Another officer had arrived; he was told that appellant had the knife. This officer eventually apprehended and handcuffed the suspect. Appellant then approached them, and the officer grabbed her. The knife was later found in a window well about 15 feet from where appellant was grabbed. She was charged with and convicted of making an attempt to evade a peace officer in violation of Minn.Stat. § 609.487, subd. 6.

## ISSUE

Does a violation of Minn.Stat. § 609.487, subd. 6 (making an attempt to evade or elude a peace officer acting in the lawful discharge of an official duty by any means other than fleeing in a motor vehicle a misdemeanor) require specific intent?

## ANALYSIS

■ "The de novo standard controls [an appellate court's] review of statutory interpretation issues." *State v. Fleck,* 810 N.W.2d 303, 307 (Minn.2012).

An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a partic-

---

* Retired judges of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

ular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind.

Minn.Stat. § 609.075 (2010). "When viewed according to its plain and ordinary meaning, we conclude that the phrase 'particular intent[,]' as used in Minn.Stat. § 609.075, unambiguously refers to specific-intent crimes, not general-intent crimes." *Fleck*, 810 N.W.2d at 307. Only defendants who have been charged with specific-intent crimes, who are able to show their intoxication by a preponderance of the evidence, and who offer their intoxication as an explanation for their conduct may have the jury instructed on the voluntary-intoxication defense, and, in those instances, the court must grant a request for the instruction. *State v. Torres*, 632 N.W.2d 609, 616 (Minn.2001).

Appellant was charged with violating Minn.Stat. § 609.487, subd. 6, which provides:

> Whoever, for the purpose of avoiding arrest, detention, or investigation, or in order to conceal or destroy potential evidence related to the commission of a crime, attempts to evade or elude a peace officer, who is acting in the lawful discharge of an official duty, by means of running, hiding, or by any other means except fleeing in a motor vehicle, is guilty of a misdemeanor.

*Id.* Appellant argues that she committed a specific-intent offense.

No published Minnesota appellate court opinion addresses whether attempting to evade or elude a peace officer by some means other than fleeing in a motor vehicle is a specific-intent offense, but it has been determined that fleeing a peace officer in a motor vehicle is a specific-intent offense. *See State v. Johnson*, 374 N.W.2d 285, 288 (Minn.App.1985) (reversing denial of a motion for a new trial on the ground that it was error to omit an instruction on intent), *review denied* (Minn. Nov. 18, 1985). The statutes relevant to *Johnson* provide:

> For purposes of this section, the term "flee" means to increase speed, extinguish motor vehicle headlights or taillights, refuse to stop the vehicle, or use other means *with intent to* attempt to elude a peace officer following a signal given by any peace officer to the driver of a motor vehicle.
>
> . . . .
>
> Whoever by means of a motor vehicle flees or attempts to flee a peace officer who is acting in the lawful discharge of an official duty, and the perpetrator knows or should reasonably know the same to be a peace officer, is guilty of a felony. . . .

Minn.Stat. § 609.487, subds. 1, 3 (2010) (emphasis added).

> (1) When criminal intent is an element of a crime in this chapter, such intent is indicated by the term "intentionally," the phrase "with intent to," the phrase "with intent that," or some form of the verbs "know" or "believe."
>
> . . . .
>
> (4) "With intent to" . . . means that the actor either has a purpose to do the thing or cause the result specified or believes that the act, if successful, will cause that result.

Minn.Stat. § 609.02, subd. 9 (2010). Because Minn.Stat. § 609.02, subd. 9(1), provides that the phrase "with intent to" indicates that criminal intent is an element of a crime, and because Minn.Stat. § 609.487, subd. 1, provides that fleeing means using a motor vehicle *with intent to* attempt to elude a peace officer, fleeing a peace officer by using a motor vehicle is necessarily a specific-intent crime.

But the phrase "with intent to" does not appear in Minn.Stat. § 609.487, subd. 6. The absence of "with intent to" or any of the other language specified in Minn.Stat. § 609.02, subd. 9(1), was recently held to be dispositive of the lack of specific intent in assault offenses governed by Minn.Stat. § 609.02, subd. 10(2) (2010) (prohibiting "the intentional infliction of or attempt to inflict bodily harm upon another" and known as assault-harm), in contrast to the specific-intent crime of assault-fear covered by Minn.Stat. § 609.02, subd. 10(1) (2010) (prohibiting acts "done *with intent to* cause fear in another of immediate bodily harm or death"). *Fleck*, 810 N.W.2d at 308 (emphasis added). *Fleck* provides a detailed analysis of the difference between general-intent and specific-intent offenses:

> The parties concede that an assault-fear offense ... is a specific-intent crime. This concession is consistent with both the most common usage of the phrase "specific intent" and the Legislature's use of the phrase "with intent to." The definition of assault-fear requires the State to prove the defendant committed an act with an additional special mental element—specifically: "an act done *with intent to* cause fear in another of immediate bodily harm or death."
>
> . . . .
>
> We conclude that assault-harm is a general-intent crime[.] ...
>
> The Legislature defined assault-harm as "the intentional infliction of ... bodily harm upon another." The forbidden conduct is a physical act, which results in bodily harm upon another. Although the definition of assault-harm requires the State to prove that the defendant intended to do the physical act, nothing in the definition requires proof that the defendant meant to violate the law or cause a particular result. If the Legislature intended to require an additional,

special mental element, it could have defined assault-harm as "an act done with the intent to cause bodily harm to another." This is especially true because the Legislature used the phrase "with intent to" when defining assault-fear in the same statutory section.

. . . .

> In sum, our earlier statements that "assault is a specific intent crime" led to confusion in the law because the statements failed to acknowledge the two distinct forms of assault recognized by the Legislature.... Because the district court properly instructed the jury on the law [that the voluntary intoxication defense applies only to assault-fear, not to assault-harm] we reverse the court of appeals' decision and reinstate Fleck's conviction.

*Id.*, at 309, 312 (alteration in original).

*Fleck* concludes that, if the legislature had wanted two analogous statutory provisions (assault-fear and assault-harm) both to be specific-intent crimes, it would have used "with intent to," or some of the other language specified in Minn.Stat. § 609.02, subd. 9(1), in both provisions. *Id.*, at 309. Analogously, we conclude that, if the legislature had wanted two other analogous statutory provisions (attempting to elude a peace officer with a motor vehicle and attempting to elude a peace officer by some other means) both to be specific-intent crimes, it would have used "with intent to" or some other language specified in Minn.Stat. § 609.02, subd. 9(1), in both provisions.

Appellant argues that the word "purpose" in Minn.Stat. § 609.487, subd. 6, is a synonym for "intent" and is implicitly included in Minn.Stat. § 609.02, subd. 9(1) ("When criminal intent is an element of a crime ... [it] is indicated by the term 'intentionally,' the phrase 'with intent to,' the phrase 'with intent that,' or some form of the verbs 'know' or 'believe.' "). At oral

argument, she relied on *City of Mpls. v. Altimus*, 306 Minn. 462, 238 N.W.2d 851 (1976); *cited in Fleck*, 810 N.W.2d at 303. But *Fleck* cites *Altimus* as an example of a case in which, in the context of voluntary intoxication, "[the supreme court] used 'particular intent' and 'specific intent' interchangeably." *Fleck*, 810 N.W.2d at 303. Because "purpose" does not appear in either the assault-harm or the assault-fear statutes, *Fleck* had no reason to, and does not, address appellant's argument that "purpose" is synonymous with "intent." [1] *Altimus* construed Minn.Stat. § 609.075 (1972) to provide that "voluntary intoxication ... is a defense to a criminal charge only if a specific, intent, motive, or purpose is an essential element of the crime charged ....," and at another point to provide that "voluntary intoxication is a defense to a criminal charge ... only if a specific intent or purpose is an essential element of the crime charged...." *Altimus*, 306 Minn. at 462, 466, 238 N.W.2d at 852, 854–55. Neither *Altimus* nor *Fleck* supports appellant's argument that the legislature used "purpose" as a synonym for "intent."

■ Under Minn.Stat. § 609.487, subds. 1, 3, a driver cannot be guilty of fleeing a peace officer unless the driver took some action with the motor vehicle and, by that action, intended to attempt to elude the peace officer. Under Minn.Stat. § 609.487, subd. 6, an individual wanting to avoid arrest, detention, or investigation, or to conceal or destroy evidence, can be guilty of attempting to elude or evade a peace officer regardless of intent if the individual takes any elusive or evasive action, other than fleeing in a motor vehicle: no intent beyond the intent to take the elusive or evasive action is required. *See Fleck*, 810 N.W.2d at 308 (quoting 1 Wayne F. LaFave, *Substantive Criminal Law* § 5.2(e) (2nd ed.2003)) for the view that ("the most common usage of 'specific intent' is to designate a special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime").

■ By picking up the knife and running with it, appellant attempted to evade a police officer who was acting in the lawful discharge of his official duty and thus violated Minn.Stat. § 609.487, subd. 6. Her intent, and the effect of her voluntary intoxication on her ability to form that intent, are irrelevant.

## DECISION

Because nothing in the language of Minn.Stat. § 609.487, subd. 6, indicates that the legislature was designating an attempt to evade or elude a peace officer by a means other than fleeing in a motor vehicle as a specific-intent offense, the district court did not err in concluding that appellant was not charged with a specific-intent offense and refusing to instruct the jury on the voluntary-intoxication defense.

**Affirmed.**

---

1. We note that the statutes relevant here need to identify the perpetrators for whom the act is an offense: motor vehicle drivers who have received a signal from an individual whom they know or should reasonably know to be a peace officer (Minn.Stat. § 609.487, subds. 1, 3) and persons whose purpose is avoiding arrest, detention or investigation or concealing or destroying potential evidence (Minn. Stat. § 609.487, subd. 6). The statutes relevant in *Fleck* do not need to identify perpetrators: it is an offense for *anyone* to inflict or attempt to inflict bodily harm upon another (Minn.Stat. § 609.02, subd. 10(2)) or to act with intent to cause fear in another of immediate bodily harm or death (Minn.Stat. § 609.02, subd. 10(1)). The "purpose" language in Minn.Stat. § 609.487, subd. 6, identifies certain perpetrators: it does not describe them as having a certain intent.