*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LEON EVERITT SMITH,

      Defendant-Appellant.

UNPUBLISHED
January 14, 2026
11:18 AM

No. 370449
Crawford Circuit Court
LC No. 2023-005267-FH

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial conviction of resisting or obstructing a police officer, MCL 750.81d(1). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose when defendant attempted to commit suicide at his home. Defendant's neighbor called 911 after seeing him ingest several bottles of pills. When law enforcement arrived, defendant was initially frantic, but eventually agreed to go to the hospital. During his conversations with police, defendant admitted to ingesting pills and a bottle of wine because, he said, he was having cluster headaches. Police then observed defendant's mood changed suddenly, and he barricaded himself in his bathroom. Fearing that defendant was experiencing an overdose, officers broke down the bathroom door. During the struggle that ensued, defendant headbutted, kicked, and spit at the officers. Defendant also, on multiple occasions, tried to grab one of the officer's guns. Defendant was taken to the hospital, and ultimately charged as noted.[1]

During the proceedings below, defendant repeatedly declined appointed counsel in the circuit court. When prompted by the circuit court, he acknowledged that he understood the risks of self-representation, but repeatedly insisted that he wanted to represent himself. The circuit court

---

[1] Defendant was initially charged with four counts of resisting or obstructing for each of the officers involved in the struggle, but the prosecutor later dropped three of the charges.

accepted defendant's waiver of counsel. Defendant was convicted as charged. This appeal followed.

## II. WAIVER OF COUNSEL

Defendant argues that he was denied his constitutional right to the assistance of counsel because the circuit court improperly accepted his waiver of counsel. We disagree.

### A. STANDARDS OF REVIEW

Because defendant failed to raise this issue below, we review it for "plain error affecting substantial rights." *People v Campbell*, 316 Mich App 279, 283; 894 NW2d 72 (2016), overruled in part on other grounds by *People v Arnold*, 502 Mich 438; 918 NW2d 164 (2018). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

### B. ANALYSIS

Criminal defendants have a constitutional right to the assistance of counsel, US Const, Am VI; Const 1963, art 1, § 20, which implicitly guarantees the right to self-representation, *Campbell*, 316 Mich App at 283. A defendant's waiver of the right to counsel must be knowingly, voluntarily, and intelligently made. *People v Russell*, 471 Mich 182, 188; 684 NW2d 745 (2004). Because defendant only challenges his subsequent waivers of counsel in the circuit court, not his initial waiver in the district court, the record for each subsequent proceeding "need show only that the [circuit] court advised the defendant of the continuing right to a lawyer's assistance (at public expense if the defendant is indigent) and that the defendant waived that right." MCR 6.005(E).[2] Specifically, before each subsequent proceeding:

> (1) the defendant must reaffirm that a lawyer's assistance is not wanted; or
>
> (2) if the defendant requests a lawyer and is financially unable to retain one, the court must refer the defendant to the local indigent criminal defense system's appointing authority for the appointment of one; or
>
> (3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one. [MCR 6.005(E)(1)-(3).]

---

[2] Defendant relies on the requirements of MCR 6.005(D), which implicates a court's obligations when a defendant *initially* waives his or her right to counsel. But, as noted, defendant's argument focuses only on the proceedings in which he made subsequent waivers of his right to counsel before the circuit court. Thus, MCR 6.005(E), not (D), controls our analysis in this case.

"Unlike the rules relating to an initial waiver of counsel, the procedure outlined in MCR 6.005(E) does not stem from any constitutional requirement." *Campbell*, 316 Mich App at 289. Trial courts need only "substantially comply" with these requirements, *id.* at 291, by discussing them "in a short colloquy with the defendant, and mak[ing] an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures," *Russell*, 471 Mich at 191 (quotation marks and citation omitted).

The circuit court notified defendant of his right to counsel, including his right to have counsel appointed at no cost, at every hearing besides sentencing. Although the circuit court did not explicitly remind defendant of his right to counsel at sentencing, it confirmed on the record that defendant "clearly and unambiguously" wanted to proceed without an attorney. Moreover, by the time he was sentenced defendant had already waived his right to counsel at four prior hearings, so it was reasonable for the circuit court to assume that defendant understood his rights. See *Campbell*, 316 Mich App at 290 ("Although the trial court did not explicitly remind [the defendant] that he had the continued right to the assistance of counsel, it is evident that [the defendant] was aware of that right and continued to assert his right to represent himself."). Most importantly, defendant expressly confirmed that he wanted to proceed without an attorney before each proceeding. See MCR 6.005(E)(1). The circuit court, therefore, substantially complied with MCR 6.005(E), and did not plainly err by accepting defendant's waiver of counsel.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that there was insufficient evidence to support his conviction. We disagree.

## A. STANDARDS OF REVIEW

"This Court reviews de novo whether there was sufficient evidence to support a conviction." *People v Kenny*, 332 Mich App 394, 402; 956 NW2d 562 (2020). "[T]his Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *Id.* at 402-403. "All conflicts in the evidence must be resolved in favor of the prosecution." *Id.* at 403 (quotation marks and citation omitted). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

## B. ANALYSIS

Resisting or obstructing a police officer under MCL 750.81d(1) requires evidence that: (1) "the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer," (2) "the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties[,]" and (3) "the officers acted lawfully[.]" *People v Quinn*, 305 Mich App 484, 491-492; 853 NW2d 383 (2014) (quotation marks and citation omitted). " 'Obstruct' includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." MCL 750.81d(7)(a). Resisting or obstructing is a general intent crime. *People v DeLong*, 128 Mich App 1, 3; 339 NW2d 659 (1983). To establish criminal intent for a

general intent crime, "the prohibited result need only be reasonably expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result." *People v Zitka*, 335 Mich App 324, 340; 966 NW2d 786 (2020) (quotation marks and citations omitted).

Defendant first argues that there was insufficient evidence that he intended to resist or obstruct the police officers. Defendant's insufficiency argument mischaracterizes the circuit court's findings of fact as having equated his suicide attempt to the offense of resisting or obstructing. But the circuit court concluded that defendant's act of barricading himself in his bathroom constituted the physical act of resistance. Furthermore, the circuit court's findings as to whether defendant was truly suffering from a cluster headache at the time of his arrest are irrelevant, because "the duration of the resistance or the mental state of defendant at the time is of no import, as resistance can occur in even the briefest moments, and the statute does not require that defendant be found to be free of any mitigating motivation." *People v Morris*, 314 Mich App 399, 414-415; 886 NW2d 910 (2016). The only requirement was that defendant "was taking the requisite physical action to prevent a police officer from performing his lawful duties." *Id*. at 414. The circuit court made such a finding, and this finding is supported by the record.

Defendant, relying on *People v Moreno*, 491 Mich 38, 52; 814 NW2d 64 (2012), also argues that the officer's "excessive force" constituted unlawful conduct that he had a right to resist. This reliance is misplaced. *Moreno* permits individuals to resist an officer's *illegal* conduct. *Id*. at 52-53, 58. The circuit court determined that the officers acted lawfully and were legally present under the emergency aid exception. It further found there was "nothing about the way that the officers interacted [with defendant] overall" that was unlawful, and reasoned that their actions were reactionary and "in line with what [defendant] made them do." The Court's reasoning is supported by the testimony of one of the arresting officers that, during the arrest, defendant was hitting, kicking, and attempting to spit blood at him. The circuit court found this officer's testimony to be credible, and we defer to the circuit court's "superior ability to judge the credibility of the witnesses who appeared before it." *Avery v Michigan*, 345 Mich App 705, 715; 9 NW3d 115 (2023). The record supports the circuit court's determination that the officers' actions were lawful, meaning defendant was not entitled to resist their commands. Cf. *Moreno*, 491 Mich at 58.

Affirmed.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi