## THE PEOPLE v. JAMES HALEY.

*Resisting an officer—Assault—Arrest for breach of peace—Information—Time of filing—Criminal intent negatived by drunkenness—Argument.*

Comp. L. § 7675, in defining the offense of resisting an officer, requires it to be charged as committed "knowingly and wilfully." *Held*, that a complaint before a justice which omitted these terms was not materially variant where it distinctly charged unlawful resistance to an officer in his attempt to keep the peace, and defendant without objecting to its form waived examination and treated it as an offense not triable before the justice but gave bail to the higher court.

Every forcible resistance to an officer involves an assault, and if the higher charge is not made out there may still be a conviction for the assault covered by it.

A good count will sustain a conviction even though the declaration contains another that is defective.

The statutes do not forbid the filing of an information at the same term in which complaint is made: and there is nothing to prevent filing it as soon as convenient, unless, perhaps, where respondent has given bail there may be some question as to the time when his sureties must produce him.

A charge that if respondent was too drunk to be capable of forming the statutory intent he would be free from the statutory guilt, but not otherwise, is as much as a drunken respondent has a right to ask.

Improper remarks made by the prosecuting officer in his address to the jury concerning the respondent, cannot be assigned as error without some complaint made at the time.

An arrest for breach of the peace cannot be made without a warrant if not committed in the presence of the officer making it.

Error to the Superior Court of Grand Rapids. Submitted April 25. Decided June 14.

INFORMATION for obstructing an officer. Respondent was convicted and brings error. Reversed.

*McBride & Carroll* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

CAMPBELL, J. Haley was convicted of the offense of resisting an officer. Complaint was first made before a magistrate, and defendant waived examination and was held to bail to appear at the trial court, which was the Superior Court of Grand Rapids. An information was filed in that court for the statutory offense.

Defendant moved to quash the information because he had not been examined or waived examination on that charge.

The defect pointed out is that in the complaint before the justice the offense was not charged to have been committed "knowingly and willfully," as required by § 7675 of the Compiled Laws defining the offense.

We do not think this objection can be sustained. In the absence of anything to make out the offense named in the statute the complaint would have been for a simple assault and battery, and could only have been tried by the justice. It distinctly charges, however, the unlawful resistance of an officer, in his attempt to keep the peace. No objection was made to its form, and defendant saw fit to treat it as charging an offense not capable of trial before the justice, and elected to waive examination and give bail to the higher court. The defect was a formal one which might and probably would have been remedied had the examination taken place. We cannot, therefore, regard it as variant from the information to any such extent as would render the offenses charged different offenses.

The objection of duplicity has no force whatever. Every forcible resistance to an officer involves an assault, and under our statutes, in case the more serious charge should not be made out, there might still be a conviction of the assault involved in the larger charge. We do not understand that the information was designed to include two counts, although there is some repetition. But if it did there is no legal objection to its doing so. The count under the statute is unquestionably complete, and will sustain a verdict. *Shannon v. People* 5 Mich. 71.

An objection was also made to the information as prematurely filed at the same term during which the complaint was made. We do not find anything in the statute to prevent filing an information as soon as it is found convenient. Had the respondent given bail it might possibly have raised a question as to the time when his sureties were obliged to have him in court to answer. But we do not think the information bad on that account.

There was on the trial more or less evidence concerning defendant's condition from drink. The court charged in effect that if he was too drunk to be capable of forming the statutory intent he would be free from the statutory guilt, but not otherwise. We do not think any more could have been asked on this head. We also think that while the language used concerning the prisoner's conviction by the prosecutor to the jury was reprehensible, it cannot be assigned as error without some complaint made at the time and not properly noticed by the court.

There is, however, one error which cannot be disregarded. There was testimony introduced by the defence tending to show that the assault which was the officer's excuse for arresting defendant without a warrant was not committed in his presence and was over and the defendant removed before he came to the place where the arrest was made; and that he did not make it until he had gained such knowledge as he possesed from inquiries made of third persons.

The doctrine has been repeatedly settled, and has been

recognized in this Court, that an officer has no right to arrest without a warrant for any breach of the peace not committed in his presence. *Quinn v. Heisel* 40 Mich. 576; *Sarah Way's Case* 41 Mich. 299. The court below erred in holding differently, and for this error a new trial must be granted.

The judgment below must be reversed, and the defendant discharged from the State House of Correction and Reformatory at Ionia, and remanded to the custody of the sheriff of the county of Kent to be let to bail and if not bailed to be held to be dealt with according to law, and a new trial must be granted unless the prosecution is discontinued.

COOLEY and MARSTON, JJ. concurred.