PEOPLE *v.* KURZINSKI

1. INDICTMENT AND INFORMATION—AMENDMENT—RESISTING ARREST.
   Allowing an information charging that the defendant resisted a police officer "in his lawful acts, attempts and efforts to maintain and preserve the peace" to be amended so as to specify that the defendant resisted the police officer's attempt to place the defendant under arrest for drunkenness was not error because the amendment did not charge the defendant with a new offense, it did not call for a new defense, and the original information fully apprised the defendant of the charge (MCLA § 767.2).

2. ARREST—RESISTING ARREST—CRIMINAL LAW.
   Resistance to a lawful arrest is a crime (MCLA § 750.479).

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 August 18, 1970, at Detroit. (Docket No. 7,590.)  Decided September 30, 1970.

Clyde Kurzinski was convicted of resisting a lawful arrest. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Borge,* Prosecuting Attorney and *Stewart D. Fenner, Jr.,* Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkins,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations § 204.
[2] 39 Am Jur, Obstructing Justice §§ 8, 13.
   5 Am Jur 2d, Arrest § 113.
   What constitutes offense of obstructing or resisting officer, 48 ALR 746.

Before: McGREGOR, P. J. and T. M. BURNS and O'HARA,* JJ.

O'HARA, J. Defendant was convicted by a jury of resisting a lawful arrest. MCLA § 750.479 (Stat Ann 1954 Rev § 28.747). Defendant was intoxicated in a public place in Kalamazoo on October 24, 1968, and when a police officer, Edward Solomon, attempted to apprehend defendant, defendant resisted. Defendant contends on appeal that the original information charging him with the crime was fatally defective and that the trial court erroneously permitted the prosecutor to amend the information.

The statute involved here, MCLA § 750.479, clearly provides that it is unlawful to resist or oppose a peace officer in the performance of his lawful duties:

"Any person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, bylaw, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly authorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, or who shall so obstruct, resist, oppose, assault, beat or wound any of the above

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years, or by a fine of not more than 1,000 dollars."

The original information made a general allegation that the police officer was acting pursuant to his authority to maintain the peace, but made no specific reference as to what the lawful performance of his duties were at the time he arrested defendant. The original information is quoted at length below:

"Clyde Kurzinski heretofore, to-wit, on or about the 24th day of October, 1968, at the city of Kalamazoo, in the county of Kalamazoo, aforesaid, did obstruct, resist, oppose, assault, beat or wound a police officer, to-wit: Edward Solomon, in his lawful acts, attempts and efforts to maintain and preserve the peace; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

After the jury had been sworn, defendant objected to the introduction of any evidence relating to the crime on the ground that the information charged no crime known to the law.

To meet this objection, the prosecutor moved to amend the information so as to include a specific allegation that defendant resisted the arresting officer when the officer attempted to place defendant under arrest for drunkenness. The trial judge permitted the amendment.

Defendant relies heavily on *People* v. *Hubbard* (1905), 141 Mich 96. In *Hubbard,* an information similar to the original information here was held fatally defective because it contained only a general allegation that the officer was in the discharge of his

duties but was silent as to which specific duties. However, defendant's confidence in *Hubbard* is misplaced. In that case there was no attempt by the prosecutor to amend the invalid information, whereas here the prosecutor made a timely motion to amend so as to cure the defect.

The trial court's granting of the motion to amend is fully supported by several Michigan statutes. MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016) bestows wide discretion on trial courts to amend indictments before, after, or during trial with respect to defects, imperfections, or omissions.[1] Furthermore, MCLA § 767.75 (Stat Ann 1954 Rev § 28.1015) provides that if uncertainty exists in an indictment, the court may order an amendment to cure the defect.

In *People* v. *Sims* (1932), 257 Mich 478, the original information was defective in that it was not framed in the technical language of the statute. It was held in that case that an amendment which added the words necessary to cure the defect was proper, even after the jury was sworn, particularly in light of the fact that the defendant obviously knew with which crime he was being charged. The same principle is applicable in the instant case. Defendant was fully apprised by the original information that he was being charged with resisting an officer in the performance of his duties. The amended information did not charge defendant with any new criminal offense, nor did the amendment call for a new defense. While it is true that an amendment should not be permitted if it is prejudicial to the defendant, we find no such prejudice in the case before us. See *People* v. *Sims, supra;* see, also, *People* v. *White* (1970), 22 Mich App 65.

---

[1] MCLA § 767.2 (Stat Ann 1954 Rev § 28.942) extends the statutory rules applicable to indictments to informations as well.

Where police officers observe a defendant intoxicated in a public place, the officers have not only the right but the duty to arrest him and resistance to the legal arrest is unlawful. *People* v. *Harbin* (1968), 13 Mich App 588.

Affirmed.

All concurred.