PEOPLE v GLEISNER

Docket No. 56506. Submitted February 10, 1982, at Lansing.—Decided
April 8, 1982. Leave to appeal applied for.

Penny L. Gleisner was convicted of resisting and obstructing a
police officer in Menominee Circuit Court, Robert V. Payant, J.
The defendant appeals alleging that the trial court erred by
refusing to instruct the jury on specific intent and that she was
denied a fair trial by the trial court's refusing the jury's
request for clarification of the phrase "knowingly and willfully"
after the jury had retired to deliberate. *Held:*

1. The crime of resisting and obstructing a police officer is
not a specific intent crime and instruction to a jury on the
elements of this offense does not appropriately include instruc-
tion on specific intent.

2. The instructions given to the jury by the judge adequately
embraced the concepts of "knowingly and willfully". The judge,
when asked for further instruction on "knowingly and will-
fully" by the jury, was not required to do more than repeat the
instruction.

Affirmed.

1. CRIMINAL LAW — RESISTING AND OBSTRUCTING A POLICE OFFICER.

The criminal offense of resisting and obstructing a police officer
requires that such resisting and obstructing shall be done
knowingly and willfully; the term "willfully" means that the
defendant must have done the proscribed act, intending to do
it; "knowingly" means that, in addition, the defendant must
have done the act to an officer knowing him to be an officer
(MCL 750.479; MSA 28.747).

REFERNECES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur 2d, Arrest § 113.
58 Am Jur 2d, Obstructing Justice § 10.
What constitutes obstructing or resisting an officer, in the absence
of actual force. 44 ALR3d 1018.
[2, 3] 21 Am Jur 2d, Criminal Law § 155.
Modern status of the rules as to voluntary intoxication as defense
to criminal charge. 8 ALR3d 1236.

2. CRIMINAL LAW — GENERAL INTENT — INTOXICATION.

An accused's general intent to commit a crime cannot be nega-
tived by evidence that he was intoxicated at the time that the
crime charged was committed since voluntary intoxication is no
excuse for crime.

3. CRIMINAL LAW — RESISTING AND OBSTRUCTING A POLICE OFFICER.

The criminal offense of resisting and obstructing a police officer is
not a specific intent crime and intoxication should not be
available as a defense; instructions to a jury on the elements of
that offense should not include instruction on specific intent
(MCL 750.479; MSA 28.747).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Jeffrey R. Jurmu,* Prose-
cuting Attorney, and *Leonard J. Malinowski,* As-
sistant Attorney General, for the people.

*Chari Grove,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: DANHOF, C.J., and M. F. CAVANAGH and
D. F. WALSH, JJ.

PER CURIAM. Four police officers arrived at a
house occupied by the defendant to execute a
search warrant. Defendant was sitting on the front
porch of the house when the police officers ap-
peared but she entered the house and slammed the
door upon learning that the officers had a search
warrant. All four officers testified that the defen-
dant threatened to kill them if they entered the
house. Finding the front door locked, the officers
kicked it down, arrested the defendant, and exe-
cuted their search warrant. Defendant was con-
victed of resisting and obstructing a police officer,
MCL 750.479; MSA 28.747, and appeals as of right.

The principal question raised on appeal is
whether the trial court erred by refusing to in-
struct the jury on specific intent. The court de-
clined to do so on the ground that resisting and

obstructing a police officer is not a specific intent crime.

The statute governing resisting and obstructing a police officer includes the following language:

"Any person who shall knowingly and willfully obstruct, resist or oppose any sheriff * * * or other officer or person * * * authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor." MCL 750.479; MSA 28.747.

Although the word "intent" appears nowhere in the statutory language, defendant focuses on the phrase "knowingly and willfully" as indicating that this is a specific intent offense. In *People v Tompkins,* 121 Mich 431, 432; 80 NW 126 (1899), the Supreme Court analyzed what these words meant:

"The law attempts to punish an assault upon an officer while in the discharge of his duty by a penalty more severe than that imposed for other assaults. It requires that the offense be committed knowingly and willfully. If an assault is willful, it is intentional; and, if intentional, it must be made knowingly. If, therefore, we are to apply these words as we are asked to do, the word 'knowingly' is superfluous. There is no doubt that a knowledge that the person assaulted is an officer in the discharge of his duty was made an element of the offense, and that the insertion of the word 'knowingly' in the statute had reference to this, and not to the assault, which could not be willful unless made intentionally, and therefore knowingly."

Thus the term "willfully" means that the defendant must have done the proscribed act, *i.e.,* the resisting or obstrucitng, intending to do it. This is not a specific intent, but only an intent to do a

certain physical act. "Knowingly" means that, in addition, the defendant must have done the act to an officer, knowing him to be an officer. See also *People v Royal,* 62 Mich App 756; 233 NW2d 860 (1975).

Defendant next claims that resisting and obstructing an officer was held to be a specific intent crime in *People v Haley,* 48 Mich 495; 12 NW 671 (1882). In *Haley,* the Michigan Supreme Court made the following comment, concerning jury instructions given at trial:

"There was on the trial more or less evidence concerning defendant's condition from drink. The court charged in effect that if he was too drunk to be capable of forming the statutory intent he would be free from the statutory guilt, but not otherwise. We do not think any more could have been asked on this head." *Id.,* 497.

This language is considered authority for the proposition that resisting and obstructing an officer is a specific intent crime, since intoxication is not a defense to a general crime and this seems to be the principal thrust of the distinction. The universally accepted rule in this country is that general intent cannot be negatived by evidence that the actor was intoxicated at the time the crime was committed. *People v Kelley,* 21 Mich App 612, 618; 176 NW2d 435 (1970). The people correctly point out, however, that the case never explicitly characterized the offense of resisting and obstructing an officer as a specific intent offense. Additionally, the Michigan Supreme Court on at least one occasion has held intoxication to be a defense to a general intent crime. In *People v Peterson,* 166 Mich 10, 14; 131 NW 153 (1911), the Court ruled intoxication to be a defense to the charge of careless use of a firearm. In that case,

the intent held to be negatived by intoxication was merely the intent to physically aim a weapon.

We find it unlikely that the Legislature intended to make resisting and obstructing an officer a specific intent crime such that intoxication would be available as a defense. The purpose of this statute is to protect police officers in the discharge of their duties. *People v Kretchmer,* 404 Mich 59, 64; 272 NW2d 558 (1978). Indeed, as this Court stated in *People v Kurzinski,* 26 Mich App 671, 675; 182 NW2d 779 (1970):

"Where police officers observe a defendant intoxicated in a public place, the officers have not only the right but the duty to arrest him and resistance to the legal arrest is unlawful. *People v Harbin,* 13 Mich App 588 [164 NW2d 754] (1968)."

The recent decision of this Court in *People v Culp,* 108 Mich App 452; 310 NW2d 421 (1981), is distinguishable in that the statute therein discussed deals with possible felonious intent and contains the additional element of malice.

We conclude that the crime of resisting and obstructing an officer, MCL 750.479; MSA 28.747, is not a specific intent crime, and that instructions to a jury on the elements of this offense would not appropriately include instruction on specific intent.

Defendant next argues that the trial court denied defendant a fair trial by refusing the jury's request for clarification of the phrase "knowingly and willfully". Slightly less than an hour after the jury had originally retired to deliberate the judge received a message from the jury:

"I've since received an additional note from the jury

on which the question is asked, 'Would you provide exact wording on the point of, quote, willingly and knowingly, close quote, breaking the law?' It's my intention to reinstruct with the elements of the offense as previously given to them rather than attempting to go beyond that. We'll see if that'll do it and we'll bring the jury out for that purpose and then see if they can continue their deliberations."

The judge then reread his original instructions on the elements of the offense to the jury. These instructions included the following: "Fifth, the defendant must have intended to resist, obstruct, or oppose this officer. Sixth, the defendant must have known, at the time, that this person was an officer." These instructions adequately embrace the concepts of "knowingly and willfully" as they were explained in *People v Tompkins, supra.* Therefore, the trial judge was not required to do more than repeat them.

We find no merit in defendant's two remaining assertions of error.

Affirmed.