# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 15, 2016

v

No. 328358
Monroe Circuit Court
LC No. 14-041318-FH

SCOTT ALAN LOCKMILLER,

Defendant-Appellant.

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

A jury convicted defendant of three counts of assaulting or obstructing a probation officer, MCL 750.479. He was sentenced as a habitual offender, third offense, MCL 769.11, to consecutive prison terms of 32 to 48 months on each count. Defendant appeals, and we affirm his convictions but remand for the court to consider whether an amended judgment of sentence needs to be entered.

## I. BASIC FACTS

In a previous case, defendant was sentenced to five years' probation and ordered to complete a substance abuse treatment program at the Salvation Army in Grand Rapids. However, defendant did not complete the program as required by the terms of his probation and instead was kicked out. Later that day, defendant called his probation officer, Robert Greenwood, to request another program of his choice. Greenwood informed defendant that this was not allowed under the terms of his probation and that defendant was to report to the jail or to the probation department. Greenwood subsequently prepared a warrant for defendant's arrest and sent it on for approval.

The following day, defendant reported to the probation department. Greenwood met defendant on the first floor and escorted him to Greenwood's office on the second floor. Probation officers Randy Whittaker and Steve Rechsteiner gathered in the hallway outside Greenwood's office as a "show of force" if needed during the arrest.

While waiting for law enforcement to arrive to arrest defendant, Greenwood began going over defendant's probation report with him. At one point, Lori Lehman, who was Greenwood's supervisor, entered Greenwood's office and instructed defendant to put a cell phone away. Defendant ignored the instruction and walked out of the office. Greenwood followed defendant

-1-

into the hallway and observed him in a physical confrontation with Whittaker and Rechsteiner. Whittaker testified that defendant initiated the confrontation by attempting to push through Whittaker and Rechsteiner to exit. Greenwood testified that he began to aid Whittaker and Rechsteiner, and they all fell to the ground. Greenwood explained that defendant was commanded to put his hands behind his back so he could be handcuffed, but defendant did not comply and resisted efforts to place the handcuffs on him. Greenwood reported that while he was on top of defendant and attempted to get defendant's right arm behind his back, he felt defendant's hand on Greenwood's concealed weapon. According to Greenwood, defendant did not comply with his commands to remove his hand from the weapon. Rechsteiner testified that he was able to take defendant's hand off the weapon. Greenwood testified that after others came to help, defendant "finally put his second hand behind his back" and was placed in handcuffs.

## II. ANALYSIS

Defendant argues on appeal that there was insufficient evidence to support his convictions for assaulting or obstructing a probation officer. We review the argument de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).

"[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515-516; 489 NW2d 748, amended on other grounds 441 Mich 1201 (1992). In so doing, a witness's credibility and the weight accorded to evidence is a question for the jury, and any conflict in the evidence must be resolved in the prosecution's favor. *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999). "The fact that some evidence is introduced does not necessarily mean that the evidence is sufficient" to justify a conviction. *People v Hampton*, 407 Mich 354, 368; 285 NW2d 284 (1979). Nonetheless, "circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

To prove that defendant was guilty of assaulting or obstructing a probation officer, the prosecution had to prove each of the three following elements beyond a reasonable doubt: (1) defendant assaulted or obstructed a probation officer who was performing his or her duties, (2) defendant knew the person assaulted or obstructed was then a probation officer performing his or her duties, and (3) defendant's actions were intended and not accidental. MCL 750.479(1)(a); see also *People v Gleisner*, 115 Mich App 196, 198-199; 320 NW2d 340 (1982).

On appeal, defendant only challenges the sufficiency of the evidence with respect to the second element, i.e., that defendant did not know, or have a reason to know, that Greenwood, Whittaker, and Rechsteiner were probation officers performing their duties.

There is sufficient evidence in the record for a reasonable jury to conclude that defendant knew that Greenwood was a probation officer performing his duties when the charged incident occurred. Defendant's father testified that defendant phoned Greenwood to inquire about how to proceed after being dismissed from the Salvation Army program. In addition, when asked when he told defendant that he was his probation officer, Greenwood responded, "The day, I believe,

-2-

when he was—either him or his father I spoke to on the phone and informed him to report to the Probation Department or Monroe County Jail." A reasonable jury could have concluded that while Greenwood and defendant had not physically met, defendant was nonetheless aware that someone named Greenwood was his probation officer. Further, defendant had to wait in the lobby of the probation department before being escorted by Greenwood to his office. Although Greenwood stated it would not be normal for him to introduce himself when going to get a probationer in the lobby, the fact that defendant was at the department to meet his probation officer and had to wait to be escorted would have put defendant on notice that the person escorting him was an individual with authority, and if not Greenwood himself, someone associated with Greenwood. After bringing defendant to his office, Greenwood then sat behind the desk and engaged defendant in conversation. Greenwood testified to asking defendant how he was doing in treatment and what had happened in treatment, which are all matters a probation officer would ask about when meeting with a probationer who had been kicked out of a drug treatment program, and the subject of the prearranged meeting. Thus, at a minimum, defendant should have known that Greenwood was a probation officer.

There is also sufficient evidence in the record for a reasonable jury to conclude that defendant knew that Whittaker was a probation officer performing his duties. Unlike Greenwood, defendant had met with Whittaker previously. Whittaker reviewed the conditions of defendant's probation with him during his orientation following sentencing. Indeed, Whittaker explained that he reviewed with defendant the requirement that he attend substance abuse treatment provided by the Salvation Army in Grand Rapids.

As for Rechsteiner, a reasonable jury could conclude from the circumstantial evidence that because he was standing with Whittaker outside Greenwood's office, and acted in concert with Whittaker in attempting to restrain defendant, defendant should have known that Rechsteiner was a probation officer as well.

Therefore, we hold that there was sufficient evidence to support defendant's three convictions for resisting a probation officer.

Defendant's convictions are affirmed. We note, however, that the judgment of sentence indicates that the three sentences for assaulting or obstructing a probation officer are to run *consecutively to each other* and consecutively to the sentence imposed in the earlier case. At the sentencing hearing, the court stated that the sentences on the three counts in the case now before us were to run *concurrently to each other* but consecutively to the prior sentence. Consequently, we remand to the trial court to determine if the judgment of sentence accurately reflects its sentencing decision, and if not, to issue an amended judgment of sentence. We do not retain jurisdiction.

/s/ Cynthia D. Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter

-3-