*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY FAREED,

        Defendant-Appellant.

UNPUBLISHED
February 29, 2024

No. 361651
Ottawa Circuit Court
LC No. 21-044755-FH

Before: HOOD, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of one count of resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant to serve 24 to 180 months in prison. We affirm.

On August 6, 2021, Holland Public Safety Officers Santiago Magdaleno and Megan Rickertson approached an apartment building on West 13th Street in Holland in an effort to find defendant and to arrest him on an active warrant. The officers spoke to a woman outside the building and were in full police uniforms while standing near an enclosed stairway leading to defendant's apartment. The officers heard a man descending the stairs and saw that it was defendant when he got to the landing. Officer Magdaleno testified that he said, "Hey—hey, Anthony, stop, police," and defendant immediately turned around and began to run back up the stairway.

Officer Magdaleno ran after defendant and grabbed him by the waist. Both men fell onto the stairs, and Officers Magdaleno and Ricketson then struggled to place handcuffs on defendant. According to the officers, they repeatedly told defendant to stop, that they had a warrant for his arrest, and to put his hands behind his back. Both officers testified that defendant would not put his hands behind his back, and Officer Magdaleno testified that defendant seemed to be trying to pull his arms in front of himself in order to push himself off the stairs to keep running. After a struggle, the officers were able to handcuff defendant.

Defendant argues that the trial court erroneously instructed the jury when it failed to give the jury an instruction on specific intent and when it failed to give a specific-unanimity instruction.

To preserve an argument that the trial court erroneously instructed the jury, a party must challenge the erroneous instruction in the trial court. *People v Czuprynski*, 325 Mich App 449, 466; 926 NW2d 282 (2018). If a party expresses satisfaction with the jury instructions as given, the issue is waived, and there is no error to review. *People v Kowalski*, 489 Mich 488, 503-504; 803 NW2d 200 (2011). After the trial court instructed the jury, it asked the parties whether they had any objections to the instructions and whether the parties wished to place anything on the record. Defense counsel stated that he did not object to the instructions and did not wish to place anything on the record. For this reason, defendant's substantive claims of instructional error are waived. *People v McDonald*, 293 Mich App 292, 295; 811 NW2d 507 (2011) ("Defendant did not object to Dr. Loeckner's testimony and affirmatively stated that he had no objection to the admission of Dr. Abbas's notes. The former failure to object constituted mere forfeiture of an error, while the latter affirmative approval constituted a waiver."); *People v Marshall*, 298 Mich App 607, 616 n 2; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013) ("Although defendant challenges the admissibility of this evidence as part of a separate issue on appeal, defense counsel expressly informed the trial court that he had no objection to the admission of the victim's clothing or the box of bullets found where defendant was staying. By affirmatively approving the admission of this evidence, defense counsel waived any error.").

Defendant also argues that defense counsel's failure to request an intent instruction and a unanimity instruction deprived him of the effective assistance of counsel. "The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). If there is no evidentiary hearing to develop defendant's claim of ineffective assistance of counsel, our review is limited to errors apparent on the record. *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018). "To establish ineffective assistance of counsel, defendant must first show that (1) his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Uphaus (On Remand)*, 278 Mich App 174, 185; 748 NW2d 899 (2008).

The prosecutor charged defendant with two counts of resisting or obstructing a police officer pursuant to MCL 750.81d(1), which states, in relevant part:

> [A]n individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

Under MCL 750.81d(7)(a), "obstruct" means "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." Further, as set forth in MCL 750.81d(7)(b)(*i*), a "person" includes "[a] police officer of this state or of a political subdivision of this state . . . ."

This Court has held that, to sustain a conviction of resisting or obstructing a police officer under MCL 750.81d(1), the prosecutor must prove that "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted,

obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). Jury instructions must contain the elements of a charged offense "and any material issues, defenses, and theories if there is evidence to support them." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 421; 884 NW2d 297 (2015).

After the close of proofs, the trial court instructed the jury using Model Criminal Jury Instruction 13.1, which was adopted to reflect the elements of MCL 750.81d. Defendant argues that defense counsel should have requested an additional instruction that the prosecutor had to prove beyond a reasonable doubt that defendant intended to resist or oppose Officers Magdaleno and Ricketson because his conduct may have been unintentional. We hold that, similar to our Court's interpretation of MCL 750.479, which also prohibits a person from obstructing or assaulting a police officer, MCL 750.81d is a general-intent crime in charging obstructing. See *People v Vanwasshenova*, 121 Mich App 672, 679-680; 329 NW2d 452 (1982). As this Court explained in *People v Gleisner*, 115 Mich App 196, 198-199; 320 NW2d 340 (1982), even in situations involving resistance by an intoxicated person, "[t]he purpose of this statute is to protect police officers in the discharge of their duties" and any resistance to a legal arrest is unlawful, notwithstanding a lack of specific intent to do so, *id*. at 199-200.

MCL 750.81d contains no language indicating an intent by the Legislature to change resisting or obstructing into a specific-intent crime. Rather, MCL 750.81d(1) merely states that someone "who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties" is guilty of a felony. As with this Court's interpretation of MCL 750.479, the plain language of MCL 750.81d(1) lists prohibited conduct and requires only that the defendant knew or had reason to know that the police officer was performing his or her duties. Because resisting or obstructing a police officer is a general-intent crime, defense counsel's request of an instruction that defendant must have had the specific intent to commit the crime would have been futile, and counsel is not ineffective for failing to argue a futile legal position or to make a futile objection, *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

Defendant also argues that he was deprived of the effective assistance of counsel because defense counsel failed to request a specific-unanimity instruction. The trial court gave the jury the following, general-unanimity instruction:

> A verdict in a criminal case must be unanimous. In order to return a verdict, it is necessary that each of you agrees on that verdict.

According to defendant, his trial counsel should have requested an instruction that the jurors must unanimously agree about which set of facts formed the basis of any guilty verdict. As this Court explained in *People v Chelmicki*, 305 Mich App 58, 67-68; 850 NW2d 612 (2014):

> Michigan law provides criminal defendants the right to a unanimous jury verdict. MCR 6.410(B). "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). Often, the trial court fulfills that duty by providing the jury with a general instruction on unanimity. *Id*. at 512. However, a specific unanimity instruction may

be required in cases in which "more than one act is presented as evidence of the actus reus of a single criminal offense" and each act is established through materially distinguishable evidence that would lead to juror confusion. *Id*. at 512-513.

Defendant argues that because the prosecutor presented evidence that defendant ran from the police and that he also failed to put his arms behind his back, the jury could have been confused about which conduct formed the basis of the resisting or obstructing charges.

"[W]hen a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *Chelmicki*, 305 Mich App at 68 (quotation marks and citation omitted). Here, the prosecutor offered evidence of a continuous violation of MCL 750.81d(1), through testimony that defendant ran up the stairway when he saw Officers Magdaleno and Ricketson, and struggled with the officers while they were trying to handcuff him on the stairway. These constituted alternative means to commit the offense of resisting or obstructing a police officer. However, if the number or specific identification of different acts that would violate the statute is not in dispute, a jury need not be instructed to focus on each act individually through a unanimity instruction. *People v Van Dorsten*, 441 Mich 540, 545; 494 NW2d 737 (1993). In *Cooks*, 446 Mich at 524, the Court stated

> that if alternative acts allegedly committed by defendant are presented by the state as evidence of the actus reus element of the charged offense, a general instruction to the jury that its decision must be unanimous will be adequate unless 1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt.

The *Cooks* Court quoted *People v Deletto*, 147 Cal App 3d 458, 466-467; 195 Cal Rptr 233 (1983), to explain its reasoning:

> "This is not a case in which different witnesses testified as to one incident but not the other or where different items of real evidence were introduced to prove one act but not the other, so that the jury might have distinguished between the credibility of different witnesses or the weight to be given various items of real evidence.
>
> * * *
>
> The defense similarly provided the jury with no evidence that focused on one act but not the other." [*Cooks*, 446 Mich at 523 (alteration in original).]

In light of this precedent, a specific-unanimity instruction was not warranted. It was enough for the jury to conclude that defendant physically failed to obey the officers' lawful commands in order to satisfy MCL 750.81d(1). The prosecutor presented testimony that defendant tried to run up the stairs when he saw the officers, that Officer Magdaleno tackled defendant a few

steps up, and that both officers wrestled defendant in an effort to handcuff him in the narrow stairway. Further, defendant did not present a separate defense or offer materially distinct evidence regarding any particular act as presented by the prosecutor. Rather, defendant generally denied that he realized police officers were chasing him until he was in handcuffs. For these reasons, no unanimity instruction was required, and counsel was not ineffective for failing to advance a meritless argument. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant also argues that defense counsel should have consulted with and retained an expert who could offer evidence that a shoulder injury defendant sustained before this incident might cause involuntary muscle spasms. This Court has held that the decision whether to retain an expert witness is a matter of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). In this case, defense counsel argued that defendant ran because he did not recognize the police officers in the dark and did not hear their commands in the commotion, and that the series of events happened so quickly that he only recognized that Officers Magdaleno and Ricketson were police officers when he was in handcuffs. Defense counsel also questioned whether defendant actually resisted the officers' attempts to handcuff him. He argued that defendant fell on his front in a cramped stairwell and that defendant simply may have had trouble getting his hands out from underneath himself while the two officers were struggling on top of him.

Defense counsel's strategy was at least partially successful because the jury found defendant not guilty of resisting or obstructing Officer Ricketson. Further, that counsel chose to pursue this strategy rather than to retain an expert to explain defendant's shoulder injury is not something that we will second-guess. See *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). That appellate counsel would have pursued a different defense is of no consequence. Again, matters related to what evidence to present and which witnesses to call are matters of trial strategy that we will not question on appeal. See *id*. Accordingly, defendant has failed to establish that counsel was ineffective for failing to retain a shoulder expert to testify at defendant's trial.[1]

Defendant next argues that he was denied due process and a fair trial because Officer Magdaleno sat at the prosecutor's table as the officer in charge as well as a complainant.

Before opening arguments, the trial court asked defense counsel if he had any objection to the officer in charge being present in the courtroom during the trial, and defense counsel responded, "That's correct, your Honor, I believe he's allowed, by law, in the courtroom." Defense counsel correctly observed that witnesses may be sequestered unless the witness is a party or if he

---

[1] For similar reasons, defendant was not denied the effective assistance of counsel when defense counsel failed to present evidence of defendant's history of traumatic police encounters. According to defendant, this evidence would have explained why he fled when he saw Officers Magdaleno and Ricketson. Again, defense counsel made the strategic decision to argue that defendant did not recognize that the two people were police officers when they confronted him at the bottom of the stairway to his apartment at 11:30 p.m. That defendant would have made a different strategic decision with the benefit of hindsight does not establish that he was denied the effective assistance of counsel. See *Russell*, 297 Mich App at 716.

or she is the officer-in-charge, as the designated representative for the People pursuant to MRE 615, which provides:

> At the request of a party the court may order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

The decision whether to permit an investigating officer who is also a testifying witness to sit next to the prosecutor is within the discretion of the trial court. *People v Hayden*, 125 Mich App 650, 659; 337 NW2d 258 (1983).

> In *People v Burns*, 67 Mich 537; 35 NW 154 (1887), a case closely on point, the defendant had requested the sequestration of the arresting officer while the other witnesses were being examined. The Supreme Court held that the matter was entirely within the discretion of the trial court and found no error in the trial court's refusal to sequester the officer nor in its allowing the officer to sit next to the prosecutor during trial. [*Hayden*, 125 Mich App at 659.]

Officer Magdaleno was the first witness to testify and, therefore, would not be influenced by the testimony of other witnesses. He was also a complainant and the investigating officer in the case. Accordingly, Officer Magdaleno's presence was consistent with MRE 615, and defense counsel expressly agreed that he could remain. A waiver is "the voluntary relinquishment or abandonment—express or implied—of a legal right or advantage." *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011) (quotation marks and citation omitted; alterations omitted). Defendant cannot "assign error on appeal to something his own counsel deemed proper at trial." *People v Green*, 228 Mich App 684, 691; 580 NW2d 444 (1998). Defense counsel's agreement that Officer Magdaleno could remain as the officer-in-charge waived defendant's argument on appeal.[2]

---

[2]In any event, defendant is actually asking us to fashion a new rule that a uniformed officer may not sit at the prosecutor's table because it is per se prejudicial. The idea that this common practice should be banned as overtly prejudicial to the defense is at best a novel legal argument and is inconsistent with MRE 615. As discussed, "defense counsel's performance cannot be deemed deficient for failing to advance a novel legal argument." *People v Reed*, 453 Mich 685, 695; 556 NW2d 858 (1996). Further, the presence of a uniformed officer at the prosecutor's table is not prejudicial, let alone to the level existing in the cases cited by defendant, *Estelle v Williams*, 425 US 501; 96 S Ct 1691; 48 L Ed 2d 126 (1976), and *Holbrook v Flynn*, 475 US 560, 562-563; 106 S Ct 1340; 89 L Ed 2d 525 (1986), which involved a defendant in shackles and a row of armed officers sitting between the defendant and the gallery.

Finally, we reject defendant's argument that defense counsel was ineffective because he failed to object when Officer Ricketson testified that officers approach people on foot when executing an arrest warrant, "[b]ecause, often times, based off of my training and experience, if people know that they have warrants and they don't wish to go to jail at that time, they try to run or hide." MRE 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Opinion testimony from a lay witness is "largely based on common sense" and does "not involve highly specialized knowledge." *People v McLaughlin*, 258 Mich App 635, 658; 672 NW2d 860 (2003).

Officer Ricketson's statement is the kind of testimony that falls within MRE 701. Officer Ricketson's explanation about why police officers do not pull into the driveway in a police car but instead approach on foot was a relevant explanation to help the jury understand why she and Officer Magdaleno walked toward defendant's apartment entrance after parking several yards away. This was Officer Ricketson's opinion based on her perception, and it was relevant to explain why the officers confronted defendant in the manner that they did. Accordingly, there was no error to which defense counsel should have objected, and he was not ineffective for failing to make a futile or legally unsound objection. See *People v Unger*, 278 Mich App 210, 256; 749 NW2d 272 (2008).

To the extent defendant maintains that Officer Ricketson's statement confused the jury and that defense counsel should have made an objection under MRE 403, we disagree. MRE 403 provides that, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Defendant asserts that the jury was tasked with deciding whether defendant tried to resist his arrest, not whether other people do so. Regardless of the reason police officers approach suspects on foot, evidence showed that defendant ran from the officers and fought their attempts to handcuff him. Officer Ricketson's statement about the reason that police approach on foot had nothing to do with defendant's conduct, and nothing in the record indicates that there was any confusion about whether defendant actually ran from the officers. Defense counsel was able to offer his theories about why defendant ran, which was a strategy that worked to obtain a not-guilty verdict for defendant's conduct involving Officer Ricketson.

Affirmed.

/s/ Noah P. Hood
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado